## L. A. O'NEAL v. THE STATE.

### *No. 137.   Decided April 15.*

1. **Evidence—Res Gestæ.**—On a trial for unlawfully carrying a pistol, it is legitimate as res gestæ to prove that defendant presented his pistol at a party with whom engaged in a quarrel.

2. **Unlawfully Carrying a Pistol—Magistrate's Power to Deputize and Authorize the Carrying a Pistol.**—Magistrates have no power to " deputize" citizens in a general way to arrest offenders or execute warrants, nor authorize them to carry pistols. If a citizen be specially appointed, as provided in articles 245 and 909, Code of Criminal Procedure, to execute process, he is, so far as the particular case is concerned, clothed with the same authority as a peace officer, but the authority terminates when the purpose of the appointment has been attained.

3. **Same—Defendant as Witness.**—It is not error to refuse to permit a defendant to testify that he thought he had authority to carry a pistol, where the evidence shows that his authority was based upon a deputization to arrest a negro who had been arrested and his case disposed of prior to the date defendant was charged with carrying the pistol.

4. **Statutory Exceptions as to Carrying Pistol—Evidence.**—Article 319 of the Penal Code enumerates the only exceptions, classes, and cases to which the law against carrying weapons does not apply, and the fact that " the country in which defendant lived was remote from the county seat, scarcely settled, beset with violent and lawless men, and thickly overgrown with bushes and timber," constitutes none of the enumerated exceptions, and consequently is not legitimate or admissible evidence on a trial for unlawfully carrying a pistol.

5. **Same — Reasonable Apprehension of Unlawful Attack. —** A party can not avail of a defense of threats against his life, on a trial for unlawfully carrying a pistol, unless the danger of an unlawful attack upon his person is so imminent and threatening as not to admit of the arrest upon legal process of the party about to make such attack.

APPEAL from the County Court of Robertson. Tried below before Hon. O. D. CANNON, County Judge.

Appellant was tried and convicted upon an indictment charging him with unlawfully carrying a pistol, and his punishment assessed at a fine of $25.

The following is the evidence adduced at the trial:

Walter Corn, for the State, said: I know the defendant, L. A. O'Neal; I saw him on about the 15th day of July, 1892, as he came by Acorn School House, in the county of Robertson and State of Texas. Defendant had some words with my brother, Robert Corn, and presented a pistol on him. I saw the pistol; it was daytime. He pulled it from his pocket. This all occurred about July 15, 1892, certainly in said month, and in the county of Robertson and State of Texas.

W. C. Johnson, for the State, said: I know the defendant, L. A. O'Neal. Saw him on the 10th day of July, A. D. 1892, in the county of Robertson, State of Texas. He had a pistol on his person. I saw him

near Acorn School House.  It was daytime, and I saw the pistol.  He made no attempt to conceal it.

J. H. Griffin, for the defendant, said:  I am justice of the peace of precinct number 6, Robertson County, Texas.  I have been justice of the peace in Robertson County for thirty-four years.  I know the defendant, L. A. O'Neal, and I know his reputation for being a peaceable and law-abiding citizen or otherwise, and it is good.  Sometime prior to the date charged in the indictment, it may have been two or three months, I deputized the defendant to make an arrest of a negro upon a warrant for theft issued by me, who had been doing some thieving in his section of the county.  I had not, up to the date charged in the indictment, cancelled said appointment, though the negro named in the warrant had been arrested and his case disposed of.  I made said appointment by the advice and consent of the county attorney of Robertson County, Texas.  Defendant lives in my precinct, about sixteen miles from the county site.  I know Julius Scheskie, and I know his reputation for being a peaceful, law-abiding, or a turbulent and violent citizen; it is bad.  He was tried in my court in February, 1892, for seriously threatening to take human life, to-wit, the life of the defendant, L. A. O'Neal, and I placed him under a peace bond of $250, which he gave.

Defendant said:  I had a pistol as I passed by Acorn School House on the 10th day of July, 1892.  Sometime previous to this I had been appointed a peace officer by the justice of the peace at Franklin, by the advice and consent of the county attorney, to arrest a negro.  It was done by a special deputization on the back of a warrant for the arrest of said negro on a charge of theft.  I had not arrested said negro, and never did.  The authority given me by the justice of the peace and county attorney had not been concealed.(?)  I had heard before this that the negro had been arrested and his case disposed of.

Julius Scheskie lives in my neighborhood, and after he was placed under peace bond, about four weeks before the time charged in the indictment, friends came to me and told me that Julius Scheskie had threatened seriously to take my life from the bush.  I reported the same to the county attorney and justice of the peace at Franklin, Robertson County, Texas, about four weeks before the time charged in the indictment in this case.  Saw them at the county seat.  All the county officers live at the county seat.  I made no affidavit for his arrest.  At the time I carried the pistol I was not serving this warrant, nor was I looking or inquiring for the negro named in the warrant.

The opinion sufficiently states the matters connected with the bills of exception reserved by defendant to the exclusion of evidence.

The following special instruction was requested in behalf of the defendant, and refused by the court, viz.:  "If you believe the defendant was appointed by a justice of the peace or the county attorney, or both,

as a peace officer, and you further believe that defendant thought he had a legal right to carry a pistol, and did not intend to violate the law, you are charged, that whether such appointment was legal or not, if the jury think it was calculated to mislead the defendant as to his right, you will acquit the defendant."

*Cohron & Kinard*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Defendant, having been convicted of carrying a pistol in violation of the statute, prosecutes this appeal.

1. The prosecution proved, that during a wordy altercation with one Robert Corn, defendant exhibited and presented the pistol at Corn. This was part of the same transaction, occurred at the same time, and was properly admitted as res gestæ.

2. Defendant offered to prove by a justice of the peace, that he, by the advice and consent of the county attorney, had "deputized defendant as a peace officer, for the purpose of executing writs, and the protection of his own life." Upon objection, this evidence was excluded, and very properly. Blair v. The State, 26 Texas Cr. App., 387. The justice had no such authority. When a peace officer can not be obtained to execute a warrant of arrest, the magistrate issuing such warrant may direct some suitable person to execute same. Code Crim. Proc., arts. 245, 909. Magistrates have no power to "deputize" citizens, in a general way, to arrest persons or execute warrants, nor authorize them to carry pistols. If a citizen be appointed, in cases provided by statute, to execute processes, he is, so far as that particular case is concerned, clothed with the same authority as peace officers, but this authority terminates when the purpose of the appointment has been attained.

3. Nor did the court err in refusing to permit defendant to testify, that he thought this appointment for the purpose of arresting the negro charged with theft, and named in the warrant, authorized him to carry the pistol. The negro had been arrested and his case disposed of by the courts prior to the date of carrying the pistol charged in the indictment.

4. The court properly excluded the evidence offered by defendant, by which he proposed to prove, that the "country in which he lived was remote from the county site, scarcely settled, beset with violent and lawless men, and thickly overgrown with bushes and timber." The object and purpose of this testimony are not stated, nor is it perceivable; and it is clear that because he lived at a distance from the county site, the country beset with lawless men, and overgrown with bushes, offered him no excuse for the pistol. The statute makes no such exceptions. Penal Code, arts. 318, 319.

5. Defendant offered to prove, that he had reported to the county attorney that one Scheskie had made threats against his life, and that he had been informed by that officer that he had the right to carry his pistol by virtue of the warrant authorizing him to arrest the negro for theft. This evidence was properly excluded. Scheskie had been placed under a bond to keep the peace, and the negro had been arrested and his case disposed of prior to the offense charged. If Scheskie had made subsequent threats, it was defendant's duty to resort to necessary legal proceedings to protect himself, and secure the punishment of the offender. He could not avail himself of such threats as an excuse for carrying the pistol, unless the danger was so " imminent and threatening as not to admit of the arrest" of Scheskie, in case he was about to make an attack upon him. The court did not err in refusing defendant's requested instruction. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.