### W. B. FEATHERSTON v. THE STATE.

*No. 888.    Decided February 19th, 1896.*

*Motion for Rehearing Decided March 25th, 1896.*

**1.  Unlawfully Carrying a Pistol—City Attorney.**

On a prosecution for unlawfully carrying a pistol, where the defense was that defendant was the City Attorney, and it was not made to appear that the charter provisions of the city created the office and defined the duties of a City Attorney. Held: That the general incorporation laws of the State not having created such office, the defense could not be maintained.

**2.  Same—"Civil Officer."**

On a prosecution for unlawfully carrying arms, the fact that defendant was a "civil officer," will not avail him as a defense unless it shows that at the time he was engaged in the discharge of official duty.

**3.  Same—"Place of Business."**

A private person cannot make a mayor's office his private business office, so as to be authorized to carry a pistol in said office.

ON MOTION FOR REHEARING.

**4.  Same—Civil Officer—City Attorney.**

 On a trial for unlawfully carrying a pistol, where the defense was that defendant was a City Attorney, an officer authorized by Art. 387 [344], Rev. Stats., and therefore a civil officer.   Held: That the duties of such office must be shown to be defined by ordinance, and that in order to exculpate him from liability for carrying such weapon in the mayor's court, when in session, the evidence must show that he, as City Attorney, was at the time engaged in the discharge of the duties of his office in said court.

APPEAL from the County Court of Johnson.   Tried below before Hon. F. E. ADAMS, County Judge.

This appeal is from a conviction for unlawfully carrying a pistol, the punishment assessed being a fine of $25.

The agreed statement of the case is:   (1) That appellant was City Attorney for the city of Cleburne.   (2) That, at the time charged, he was in the mayor's office and court.   (3) That at said time, he made the mayor's office and court his office, and had no other office.   (4) That the mayor's court was in session as a court at said time.   (5) That at said time and place defendant had on his person a pistol.

*O. T. Plummer*, for appellant, cited Penal Code, Arts. 318 and 319; Sanner v. State, 2 Tex. Crim App., 458.   If defendant is guilty of any offense, it is a different one to the one for which he has been convicted. Penal Code, Art. 320; Summerlin v. State, 3 Tex. Crim. App., 444; Owens v. State, 3 Tex. Crim. App., 404.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of unlawfully carrying a pistol on and about his person, and his punishment assessed at a fine of $25, and he prosecutes this appeal.   The statement of facts in the case shows that, at the time appellant was carrying the pistol, he was City Attorney for the city of Cleburne, in Johnson County, Texas; that, at the time, he was in the mayor's office and court room of said city; that, at said time, he made the mayor's office his office, and had no other office; that the mayor's court was in session, sitting as a court at the time.   The contention of the appellant is, first, that he was a civil officer, and, as such, was authorized to carry said pistol.   There are no charter provisions of said city of Cleburne, before us, creating the office of City Attorney, and defining his duties; and, assuming that the city was incorporated under the general laws of the State, we have examined the same, and find nothing creating or defining the duties of the said office in said act.   In the absence of evidence showing the creation of such office, and defining the duties of the same, we are not prepared to say that the appellant was a civil officer.   See, Alford v. State, 8 Tex. Crim. App., 545; U. S. v. Hatch, 1 Pin., 182; 19 Amer. and Eng. Ency. of Law, p. 552, title "B."   Besides, if appellant was a civil officer, the proof should have gone further, and have shown that, at the time, he was engaged in the discharge of official duty, and the record fails to

show this. It is also contended, by appellant, that he was at his place of business, and had a right to carry said pistol. This involves the right of appellant to make the mayor's office his private business office, and authorize him, as a private person, to carry said pistol at the mayor's office. As a peace officer, he might do this, or as a civil officer, but we do not believe that the statute ever contemplated that a private person could make a public office his private business office, and so be authorized to carry a pistol on and about his person in such office. While the indictment in this case might have been framed under Art. 320, Penal Code, it was not. The conviction was had under Article 318. It therefore affords no reason why the conviction should be set aside. The judgment is affirmed.

*Affirmed.*

DAVIDSON, Judge, absent.

---

## ON REHEARING.

HENDERSON, JUDGE.—This case comes before us on motion for rehearing. Appellant refers us to Art. 387 [344] Rev. Stats., which authorizes the city council to appoint a City Attorney of incorporated cities, and then contends that, inasmuch as it is admitted, in the record, that he was City Attorney of Cleburne, this is clearly proof that he was a civil officer. Concede that this is sufficient to show that he was a civil officer, still there is no evidence before us showing the nature and character of his duties. These duties are to be defined by an act of special legislation—that is, by an ordinance—and we cannot know what they were unless such ordinances are before us. His duties as City Attorney may have been of one character or another. He may have been merely the adviser and attorney for the city in its legislative capacity—that is, for the mayor and board of aldermen—or he may have been authorized to represent the city in the prosecution of persons for violating the municipal ordinances of the city, before the mayor's court or before the recorder. (We are not advised whether the city of Cleburne has a recorder or not). It is true, the record informs us that the mayor's court was then in session; but it does not show what business was then being transacted. It may have been engaged in some matter in which the duties of the City Attorney were not required. It was the duty of the State, in the first instance, to prove the fact that the appellant was found carrying a pistol on and about his person. After the State had so made out its case, if the appellant relied upon the fact that he was a civil officer, and then engaged in the discharge of his duties, it was his business to make out this defense by proof. The onus was upon him; and, if he failed to make this proof, he cannot complain if this court refuses to indulge the presumption that he did establish this defense. We are governed by the the record alone in this matter, and the defense was not made out by testimony. The motion for rehearing is overruled.

*Motion Overruled.*