### J. BAKER v. THE STATE.

No. 4242.   Decided February 26, 1908.

**1.—Carrying a Pistol—Deputy Sheriff—Appointment—Charge of Court.**

Where upon trial for unlawfully carrying a pistol, the evidence showed that the defendant carried on and about his person a pistol, claiming the right to carry the same under a verbal appointment of the sheriff as deputy sheriff; but the evidence showed that such appointment was illegal, it could not furnish the basis of a defense; especially as there was no evidence that defendant believed that he was authorized to carry the pistol; the court properly submitting the issue to the jury. Qualifying Blair v. State, 26 Texas Crim. App., 387.

**2.—Same—Special Appointment.**

Where one has been appointed deputy sheriff for a special purpose, the immunity ceases with such appointment.

Appeal from the County Court of Scurry. Tried below before the Hon. C. R. Buchannon.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Thurmond & Sandusky,* and *Albert Walker,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was charged in the county court of Scurry County by affidavit and information with the offense of unlawfully carrying on his person a pistol, in said county. He was convicted on trial before a jury, and his punishment assessed at a fine of $100.

The proof was clear and conclusive and the admission was in terms made by appellant that he had carried on and about his person a pistol in Scurry County, on the 30th day of October, 1906, and that he had such pistol in his hands in the street of Snyder in Scurry County, Texas, on that day. He sought to justify carrying the pistol under authority from F. M. Johnson, sheriff of Mitchell County, who testified that on July 4, 1906, there was a big barbecue in his town, and that he appointed Baker (appellant) as deputy sheriff; that the clerk's office was not open and that he did not give the defendant a written appointment, but intended to do so afterwards, but neglected it. He states, "I used the defendant and considered him as my deputy from July 4th, 1906, until I went out of office about the last of February, 1907." This witness admitted on cross-examination that there was never anything put on record showing that Baker was a deputy sheriff. It is not claimed nor shown that he ever qualified by taking any oath or giving bond. It has been held in this State that where the appointment of one as deputy sheriff is illegal, that such appointment cannot furnish the basis of immunity. Blair v. State, 26 Texas Crim. App., 387. In that case the court say: "The statute (Rev. Stat., art. 4520) which empowers sheriffs to appoint, in writing, deputy sheriffs for their respective counties, requires that such deputy sheriffs, before entering upon the discharge of their official duties, shall take and subscribe the constitutional oath of office, which shall be endorsed on the appointment, together with the certificate of the officer who administers the oath, and such appointment and oath shall be recorded in the county clerk's office and deposited therein." In that case it appears that there had been an appointment of a deputy in writing by the then sheriff of Val Verde County, Texas; but that he had not taken the oath or otherwise sought to qualify as required by law. In passing on his claim of immunity under such appointment, Judge Hurt, says: "Evidently appellant was not a deputy sheriff and could claim no authority to carry the pistol by virtue of the paper introduced in

evidence." In that case, however, Judge Hurt says: "On the other hand, though appellant was not in fact, a deputy sheriff, if he honestly believed that he was, and carried the pistol because so believing, he would not be guilty." In this case complaint is made that the issue and question of appellant's good faith was not properly submitted to the jury; and we think this claim is correct. The court in his charge says: "You are instructed that the defendant in this case was not a legally appointed deputy sheriff of Mitchell County, Texas, on the 31st day of October, 1906, and if you do not believe that the defendant had *good reason to believe* and did believe that on said October 31st, 1906, he was a legally constituted deputy sheriff of Mitchell County, Texas, you will find the defendant guilty as charged in the complaint herein." The counsel for appellant requested the court to charge the jury as follows: "You are charged in this case that, if you believe J. Baker at the time he is charged with unlawfully carrying a pistol, believed that he was a deputy sheriff, although he was not legally such deputy sheriff, you will find the defendant not guilty." The complaint of the court's charge is, that it makes the defendant's guilt or innocence depend upon the reasonableness of his belief, where as they contend, if the defendant believed that at the time he carried the pistol that he had the right to carry same, under any color of appointment as a deputy sheriff, whether same was legal or not, he would not be guilty. If the doctrine laid down in the case of Blair v. State, supra, is to be applied to the facts of this case, it should be reversed. If, however, it should be held that in the absence of any appointment in writing, any designation by the sheriff other than a mere verbal one, followed by no sort of pretense of qualification as such officer, that as a matter of law there was no real ground or reason on the part of appellant to believe that he was a deputy sheriff, and had a right to carry a pistol, his case should be affirmed. He did not testify in the case, and there is no evidence that he believed he was authorized to carry the pistol: unless such presumption arises from the testimony of the sheriff, who claimed to have appointed him. We do not think, as applied to the facts of this case, the claim of appellant that he was a deputy sheriff rested upon any foundation in law, and having admitted and the proof incontestably showing that he carried the pistol on the day named, and in the county charged, the error complained of in the charge becomes immaterial. Again, it has been held in this State that where the special purpose for which one has been appointed deputy sheriff ceases, the immunity ceases with it. See O'Neal v. State, 32 Texas Crim. Rep., 42. In this case the sheriff testified, "I did not use him (appellant) all the time, but only on special occasions." When arrested, some three months and a half after his pretended appointment, appellant was in the adjoining county with another man, both of whom had pistols in their hands, and both of whom were talking loud and swearing; and it is shown that in an effort to arrest the parties, that appellant hit the officer over the head with his pistol and pointed it

in his face and said, if the officer did not turn him loose by the time he counted three he would shoot. After having counted two, the officer turned him loose, and Wolfe and appellant went down the street swearing and talking loud. We do not believe under the facts as they are presented that there is any semblance of justification or defense in the case.

The judgment is affirmed.

. *Affirmed.*