LAWRENCE PATTON v. THE STATE.

No. 995.        Decided March 1, 1911.

Rehearing Denied March 22, 1911.

**Carrying Brass Knucks—Deputy Sheriff—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying brass knucks, the evidence showed that the defendant was not in the discharge of an official duty, and never took the oath of office or recorded his commission, and was not authorized to do any act which an officer is required to do, this was no defence, and the conviction will not be disturbed.

Appeal from the County Court of Dallas at Law. Tried below before the Hon. W. M. Holland.

Appeal from a conviction of unlawfully carrying brass knucks; penalty, a fine of $100.

The opinion states the case.

*Lively, Nelms & Adams,* for appellant.—Upon the question of innocent intent: Blair v. State, 26 Texas Crim. App., 387, 9 S. W. Rep., 890; Shannon v. State, 65 S. W. Rep., 1065.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—Appellant was charged by information and complaint in the County Court of Dallas County at Law with unlawfully carrying arms. Upon a trial before the court, without a jury, he was adjudged guilty and his punishment assessed at a fine of $100.

There is but one ground alleged in the motion for a new trial, it being that the judgment of the court is contrary to the law and the evidence, and is not supported by the law and evidence. The testimony shows that defendant had a pair of brass knucks and knocked a man down with them three times. He was not in the discharge of any official duty. The sheriff testified that defendant came to him and stated that there was a good deal of petty thievery in his neigh-

borhood, and he desired to be appointed a deputy that he might apprehend the thieves. He took a commission blank, erasing the word "lawful" before deputy and inserted the word "special." Defendant never took any oath of office, and he did not record the commission he gave him. He was to pay him no salary, and informed him he must not serve any papers.

The defendant testified that he did not tell the sheriff there was any thievery going on or that he would apprehend thieves, but that he told the sheriff he and his father had been having some trouble with · some of their neighbors, and wanted a commission to protect his father. "I was not paid any salary, and was told I could not serve papers. I never took any oath of office, and did not record the commission given me." He further said, "At the time of my arrest when I was found with the brass knucks on, I had just knocked down Trigg three times. He and my father were fighting." It was also shown that the sheriff had more deputies than the law permitted.

We are of the opinion that when the sheriff informed defendant that he could not serve papers and was authorized to do no act which an officer is required to do, and defendant himself saying that his only object was to protect himself and his father, and that he knew. he had no authority to do other than protect himself and his father, common sense should have taught him that he was not an officer in a legal sense. The law can not wink at such subterfuges to violate its plain provisions. See opinion by Presiding Judge Davidson in 65 S. W. Rep., 1065.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied March 22, 1911.—Reporter.]