## HENRY L. RANSOM v. THE STATE.

### No. 3048. Decided April 8, 1914.

**1.—Carrying Pistol—Peace Officer—Statutes Construed.**

Where, upon trial of unlawfully carrying a pistol, the defendant pleaded under article 476, Penal Code, that he was a peace officer, and the evidence showed that he was found with a pistol in another county from that in which he had been appointed deputy and was not in the discharge of any official duty, such plea was no defense. Following Ray v. State, 44 Texas Crim. Rep., 158, and other cases. Overruling Clayton v. State, 21 Texas Crim. App., .343.

**2.—Same—Rule Stated—Officer.**

Where the defendant claimed an appointment as deputy sheriff for Fort Bend County, and the evidence showed that he carried a pistol in Harris County, and it was not shown that he was on official business, he was guilty of a violation of unlawfully carrying a pistol.

**3.—Same—Deputy Sheriff—Void Appointment.**

Where, upon trial of unlawfully carrying a pistol, the defendant claimed to be a deputy sheriff and it appeared from the record on appeal that the sheriff had appointed two deputies in the justice precinct in which defendant lived and held his deputyship, and outside of the county seat, the appointment was void under article 7125, Revised Civil Statutes.

**4.—Same—Mistake of Law—Good Faith.**

Where defendant was laboring under a mistake of law, and not a mistake of facts with reference to his rights to carry a pistol, he could not claim good faith.

**5.—Same—Evidence—Irrelevant Testimony.**

Where, upon trial of unlawfully carrying a pistol, the State was permitted to introduce in evidence an altercation that occurred between defendant and an officer which had no connection with the offense for which defendant

was being tried, and he received the punishment over the minimum, the same was reversible error.

Appeal from the County Court of Harris. Tried below before the Hon. Clark C. Wren.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Lane, Wolters & Storey,* for appellant.—On question of deputy's right to carry pistol: Clayton v. State, 21 Texas Crim. App., 343; Lyle v. State, 21 Texas Crim. App., 153; Blair v. State, 26 Texas Crim. App., 387; Baker v. State, 53 Texas Crim. Rep., 27..

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of unlawfully carrying a pistol, and his punishment assessed at a fine of $100 and sixty days imprisonment in the county jail.

The first proposition presented for our consideration is the proper construction of article 476, which provides that the article of the statute which prohibits the carrying of a pistol shall not apply to a person in actual service as a militiaman, nor to a peace officer or a policeman, or a person summoned to his aid, nor to a revenue or other civil officer engaged in the discharge of his official duty.

Appellant introduced in evidence the appointment made by M. L. Wooley, sheriff of Fort Bend County, Texas, wherein he on April 28, 1913, appointed appellant a deputy sheriff in Fort Bend County. Appellant was charged with carrying the pistol in Harris County in October, 1913, and testified: "On the occasion when I came over here, I did not come on any official business. I came on process issued out of the Criminal District Court of Harris County; I was subpoenaed as a witness; I did not come over here to serve any process; up to that time I had never served any process for the sheriff of Fort Bend County; he had never sent me any at all; I never received any compensation from the sheriff of Fort Bend County; I went over there and formally took the oath of office; I did not make bond because the sheriff's bond was my bond; the sheriff's bond is good for his officers, his deputies; he did not require me to make a bond; I did not make a bond; I have already stated that I did not serve any process for the sheriff of Fort Bend County; I never received any compensation for my services; I would have received compensation if I had served papers, I guess; never made any arrest over there; never attempted to make any arrest here since I was a deputy sheriff of Fort Bend County; over there I have gone with my brother on two or three occasions to make arrests; never made any arrests; we were after a negro for sometime for murder, and we had information he was at a house there and we went there and found he was not there; the sheriff instructed me to assist my brother, that if my brother needed any

assistance he would call on me; I have already told you that I did not make any arrests; Mr. Wooley is the sheriff over there; I don't know how many deputies he has in my district; he has one other deputy besides myself in my precinct; myself and brother are deputies in that end of the county up in there in that precinct; that is not the justice of the peace precinct in which the county seat is located."

It is thus seen that appellant was not in Harris County on official business, and admits he had the pistol on his person in Harris County. The case of Clayton v. State, 21 Texas Crim. App., 343, supports his contention that a legally appointed deputy sheriff has a right to carry a pistol anywhere in the State whether on official business or not, but we do not think this a proper construction of article 476, but believe the correct construction is announced in the case of Ray v. State, 44 Texas Crim. Rep., 158, wherein the court held: "The construction placed on said article is that the statute places no qualification on the clause with reference to peace officers, but authorizes every peace officer or policeman everywhere and at all times to carry a pistol. We do not believe this is a proper interpretation of the statute. A person may be a peace officer in one section of the State and not in another, but is simply a local peace officer, and while in his bailiwick he is a peace officer, but when he leaves there and goes to some other section he can not perform the functions of his office, and he has no more authority than any other private citizen. Of course, when he goes outside of his immediate jurisdiction to perform some duty in some other part or section, which he is authorized under the law to do, his official character remains with him; but not so in the absence of such official duty." It is true that in this latter case it is said that the Clayton case does not support the contention made, but it is evident that the court was mistaken, for it does support the contention made in the Ray case and in this case, but as hereinbefore stated we do not think it a correct construction of the statute. Appellant, nor the sheriff who appointed him, is authorized in law to make an arrest or serve any process in Harris County, and it is only within the limits of the prescribed territory where they are peace officers where they are authorized to make arrests and serve process that the unlimited right to carry arms is given, and when not within the limits of that territory, unless on official business, they have no more right to carry arms than any other citizen.

It further appears from the testimony of appellant that the sheriff of Fort Bend County had appointed two deputies in the justice precinct in which appellant lived and held his deputyship; that his brother was the active deputy who made arrests and served process for the sheriff. If this is true, then under the provisions of article 7125 of the Revised Statutes the appointment of appellant would be illegal, and he would not have the right under this appointment to carry a pistol in Fort Bend County, much less in Harris County. The appointment of the sheriff, in violation of the law which only gives him authority to appoint one deputy and no more in justice precincts outside the precinct in which the county

seat is situate, would confer no authority on appellant. A practice had grown up in some counties for the sheriff to appoint all his friends deputies who desired to carry pistols, and who never did and were never expected to perform any official act, and the Legislature to remedy this evil passed said article of the statute, and an officer has no more right under the provisions of the law than any other citizen has to violate the law of his State

Another contention is made that if appellant honestly believed he had the right to carry the pistol in Harris County under an appointment of the sheriff of Fort Bend County, he should be acquitted. This would be a mistake of law and not a mistake of fact, and the court did not err in overruling this contention.

However, there is one bill of exceptions in the record which we think presents error. The record discloses that appellant had a fight in the restaurant of Dudley Bros., in Houston, in Harris County, and at this time had a pistol on his person. He was arrested and carried to the city jail, where he placed money in the hands of the officer in an amount that the officer desired as bail for his appearance. He then turned and left the jail, and after doing so Mr. Horton pursued him to get him to return to attend to some minor matters. He declined to return and an altercation occurred between him and Mr. Horton. This altercation and all that took place was admitted over appellant's objection. In this we think the court erred. Had the minimum punishment been assessed, we would not reverse the case, but inasmuch as in addition to the monetary fine, he was given as punishment sixty days in the county jail, we can not say that this latter testimony did not have its weight with the jury in causing them to assess more than the minimum punishment, and as it was error to admit the testimony, and we can not say it was harmless error, the judgment is reversed and the cause remanded.

*Reversed and remanded.*