### E. E. JONES v. THE STATE.

#### No. 6742.  Decided March 8, 1922.

**1.—Carrying Pistol—Peace Officer—Requested Charge.**

Where, upon trial of unlawfully carrying a pistol, the defendant claimed that he believed himself to be a traffic officer under the appointment of the Commissioners' Court, but the county judge testified that defendant was only appointed a special officer to assist the sheriff in collecting auto licenses, and that the appointment was only in connection with his duty as marshal, and it was shown that he had not been marshal the year previous to the offense, there was no error in withdrawing said testimony and refusing to instruct the jury, that if appellant was a civil officer, etc., to acquit.

**2.—Same—Statutes Construed—Peace Officer—Former Decisions.**

As the law now reads, the exemption applies to a peace officer only when in the actual discharge of his official duty, and decisions under the former statute are not applicable to the instant case. The defendant did not bring himself within the terms of the statute. Following Baker v. State, 53 Texas Crim. Rep. 29.

**3.—Same—Charge of Court—Defensive Theories—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the testimony with reference to the condition of the pistol and other matters of defense were properly submitted to the jury, and the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the County Court of Collingsworth. Tried below before the Honorable C. C. Small.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*R. Q. Murphree* and *R. L. Templeton*, for appellant.

R. G. Storey, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The appeal is from a judgment condemning appellant to pay a fine of $100 for the offense of unlawfully carrying a pistol on and about his person.

From the State's standpoint, appellant, on the 28th day of July, 1921, had a pistol on his person. He was seen with it in various

parts of the town and in numerous places, among them, the City
Drug Store, and the Wellington Motor Company Garage, where he
took the pistol out of his pocket and exhibited it. He also exhibited
it upon the street and pointed it at the witness Morris. This fact
was controverted, and according to appellant's theory and testimony,
he had been town marshal until about a year previous to the date of
the offense. He had the pistol at his place of business. He had
taken it apart and was unable to replace the main spring; with that
in his pocket he carried the pistol to his home, stopping at the various
places, including the garage and the drug store mentioned. He be-
lieved himself to be a "traffic officer" of Collingsworth County under
an appointment made in February preceding the offense in july. He
had acted as such officer, made arrests, collected delinquent tax, and
received pay from the Commissioner's Court. It was upon the belief
that he was "traffic officer" and the right as such officer to carry the
pistol that he had one in his possession at the time the offense is laid.
Appellant testified that he was appointed traffic officer by a vote of
the Commissioner's Court; that he had made no bond nor taken any
oath as such officer.

The minutes of the Commissioner's Court were introduced, which
contained the following:

"It having been made to appear to the Court that a large number
of automobile owners in Collingsworth County have failed to pay
their automobile license for operating their cars in violation of law,
it is the order of the Court, that E. E. Jones, Marshal of the City of
Wellington, be appointed traffic officer and he is hereby directed to ap-
prehend said violators and to collect said delinquent tax."

The date of this order is February, 1921. The record shows that
he had been paid at some time $18.27 as compensation for services
rendered under the order mentioned.

The appellant seems to have ceased to have been marshal of the
town of Wellington in April preceding the time of the offense.

The county judge testified that the appellant was not appointed a
traffic officer, but was appointed a special officer to assist the sheriff
in collecting auto licenses, for which he was paid a part of the pen-
alties as compensation; that the appointment was only in connection
with his duties as marshal. After giving this testimony and receiving
the notation from the minutes of the Commissioner's Court, the trial
court withdrew all of the testimony on the subject and directed the
jury to disregard it. This is complained of, and complaint is also
made to the failure and refusal of the court to instruct the jury, in
substance, that if appellant was a civil officer, he might lawfully
carry a pistol on and about his person, or if he believed himself to be
such an officer, the same result would follow.

In Article 7012¾, the authority is given for the appointment by
the Commissioner's Court of special deputy sheriffs for the purpose
of enforcing the laws regulating the use of the public highways. An
oath of office is required. See Acts of 1919, Chap. 127, Sec. 1.

The offense is defined in Article 475 of the Penal Code. In Article 476, prior to its amendment, it was said:

"The preceding article shall not apply to a person in actual service as a militiaman, nor to a peace officer or a policeman, or person summoned to his aid, nor to a revenue or other civil officer engaged in the discharge of official duty." (Act of April 12, 1871, p. 25.) See also Vernon's Ann. Texas Penal Code, p. 210.

There are many decisions construing this provision. So far as we are aware, they are uniform to the point that it is incumbent upon the accused, when his possession of a pistol is shown, to prove that he was within one of the exemptions defined in Article 476. See Hunter v. State, 73 Texas Crim. Rep. 459; 166 S. W. Rep. 461; Corley v. State, 33 S. W. Rep., 975; Ransom v. State, 73 Texas Crim. Rep. 442; 165 S. W. Rep. 932; O'Neal v. State, 32 Texas Crim. Rep. 42; Jenkins v. State, 47 Texas Crim. Rep. 224; Brown v. State, 51 Texas Crim. Rep. 423; Patton v. State, 61 Texas Rep. 352. It has also been held that one acting under a mistake of fact and under the honest belief that he was an officer within the exemptions named should be excused. Blair v. State, 26 Texas Crim. App. 387; Lyle v. State, 21 Texas Crim. App. 153.

There are also cases outlining the circumstances under which such belief would become a question of fact. Patton v. State, 61 Texas Crim. Rep. 352; Ransom v. State, 73 Texas Crim. Rep. 442, 165 S. W. Rep. 932. The statute is also construed to confine the exemption as applied to a "civil officer" to occasions when he was in the discharge of his official duties. West v. State, 26 Texas Crim. App. 99; Shannon v. State, 65 S. W. Rep. 1065; Baker v. State, 53 Texas Crim. Rep. 29; Featherston v. State, 35 Texas Crim. Rep. 615. A collation of the decisions may be found in Vernon's Ann. Texas Penal Code, p. 211. Not so with peace officers. Tippett v. State, 80 Texas Crim. Rep. 373, 189 S. W. Rep. 485. A deputy sheriff is classified as a peace officer. Code of Crim. Proc., Art. 43; Cyc. of Law & Proc., Vol. 30, p. 1327. We are referred to the statute and to the decisions construing it in support of appellant's view. Apparently, the amendment to Article 476 by the Acts of 1918, 4th Called Session, Chap. 91, Sec. 1, so changed that article as to render inapplicable many of the decisions construing it before the amendment. Upon the subject in hand, the amendment reads thus:

"The preceding article shall not apply to a person in actual service as a militiaman, nor to any peace officer *in the actual discharge of his official duty*."

As it now reads, the exemption applies to a peace officer only when *in the actual discharge of his official duty*. This language was in the old statute, but was not applied to a peace officer; and it was held that where one to whom it did apply would avail himself of it, he must prove the facts bringing his case within its terms. Featherston v. State, supra.

Viewing the case in hand in the light of the amended statute, the importance of the evidence, the exclusion of which is complained of, and the failure to give the mentioned instruction to the jury, would depend upon the existence of evidence bringing the appellant's case within the terms of the statute; that is to say, evidence tending to show that when carrying the pistol about his person, he was in the *actual discharge of his official duty as a peace officer.* In our judgment, there is no such evidence revealed by the record. Shannon v. State, 65 S. W. Rep. 1065; Baker v. State, 53 Texas Crim. Rep. 29. If in this we are correct, the action of the court complained of cannot be made the basis for reversal.

Upon the defenses which did arise from the evidence, the jury was instructed in a manner adequate to secure to the appellant his rights. That is to say, in an appropriate language the jury were told that if the pistol, at the time it was carried, was in such a condition that it could not be readily assembled or fired and if upon this subject they entertained a reasonable doubt, an acquittal must result, and in the same terms they were likewise told that if the appellant was carrying the pistol from his place of business to his residence, pursuing his course without unnecessary deviation, an acquittal must follow.

The appellant admits in his testimony that in route to his home he stopped at the two places, making explanation for so doing, and the State's testimony shows that while at one of them, he exhibited the pistol, and other testimony of the state is to the effect that on the street, he exhibited the pistol and using profane language, pointed it at a pedestrian. The facts, as above stated, did not raise an issue touching his right at the time, under the exemptions named in Article 476, to carry the pistol, and in rejecting the other defenses, the verdict of the jury is not unsupported by the evidence.

Other questions raised have been carefully examined. A review of them is deemed unnecessary, suffice it to say that we perceive no error which requires a reversal of the judgment. It is therefore affirmed.

*Affirmed.*