MANUEL GANDARA v. THE STATE.

No. 7781.    Decided June 6, 1923.

**Unlawfully Carrying a Pistol—Deputy Sheriff—Statutes Construed.**

Where, upon appeal from a conviction of unlawfully carrying a pistol, it appeared from the record that appellant was not engaged in the actual

discharge of any official duty as deputy sheriff, but was carrying the pistol simply as a protection to him, and his passengers, the same was no defense, and the conviction is sustained. Following Jones v. State, 91 Texas Crim. Rep., 240, 238 S. W. Rep., 661.

Appeal from the County Court of El Paso. Tried below before the Honorable J. M. Deaver.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

R. G. Storey, Assistant Attorney General, for the State.

HAWKINS, Judge.—A fine of one hundred dollars was assessed against appellant for unlawfully carrying a pistol.

He was arrested on May 25th, 1922 while in company with another man and two women in an automobile which had just passed over a bridge spanning the Rio Grande river from what is commonly known as "The Island." The evidence shows that the river at that point is not the international boundary between the United States and Mexico but that the land known as The Island is in United States territory. Appellant at the time was armed with a Colt 45 automatic pistol which he was carrying in a holster. He was a service car driver and had been operating his car for hire, hauling passengers and baggage in the lower Rio Grande Valley. He testified that the section of the country in which he was operating had been the scene of a great many holdups and acts of violence and on account of these conditions he felt that neither himself nor his passengers were safe without some kind of protection; that he explained the situation to the sheriff of El Paso County and obtained from him a commission as deputy sheriff; that he was instructed by the sheriff that he had no right to make arrests unless a warrant was placed in his hands or unless an offense was committed in his presence. He qualified, taking the oath of office and a commission was issued to him by the county clerk of El Paso County, which commission was introduced in evidence. The commission was effective at the time appellant was arrested. During the time he had held such commission appellant had made no arrests, had served no civil process and was drawing no compensation as deputy sheriff, and was not engaged in the discharge of any official duty at the time he was found in possession of the pistol. He had made a trip with passengers and was on a return trip with other passengers. He testified that he was not expecting to make any arrests but would have done so if the occasion had arisen.

Article 475, Penal Code, provides that if any person shall carry on or about his person a pistol he is guilty of an offense. Article 476

provides that the preceding article should not apply to certain persons under certain circumstances. By the Acts of the Thirty-fifth Legislature, 4th Called Session, Chapter 91 Section 1, Acts, 1918, Article 476 was so amended as to read:

"The preceding article shall not apply to a person in actual service as a militiaman nor to any *peace officer in the actual discharge of his official duty * * *"*

It is apparent from the record that appellant was not engaged in the actual discharge of any official duty as deputy sheriff but was carrying the pistol simply as a protection to him and his passengers. However commendable his purpose may have been the law as written must control. The burden was upon him to bring himself within one of the exceptions specified in said Article 476. Jones v. State, 91 Texas Crim. Rep. 240, 238 S. W. Rep., 661.

Having failed to do so he was guilty under the statute and the judgment must be affirmed, and it is so ordered.

*Affirmed.*