## DALE HALL v. THE STATE.

No. 23754. Delivered October 29, 1947.

30

*Rayford L. Ball,* of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of an assault with a prohibited weapon and his punishment was assessed at confinement in the county jail for a period of eighteen months.

There are only two questions presented by the record. First, that the indictment is insufficient to charge the offense, and, Second, that the evidence is insufficient to sustain his conviction. We will now discuss these questions in the order of presentment.

The indictment, omitting the formal parts, reads as follows: "that Dale Hall on or about the 2nd day of December, A. D. 1946, and anterior to the presentment of this indictment, in the County and State aforesaid, did then and there unlawfully carry on and about his person a pistol, with the said pistol did then and there willfully commit an assault in and upon R. L. Holland with said pistol," etc. We see nothing wrong with the indictment since it charges every essential element of the offense. Appellant cites us to the case of Reneau, 291 S. W. 899 as supporting his contention. It will be noted that in that case, it was not charged in the indictment that the accused made the assault with the knuckles which he was charged with unlawfully carrying. It was upon this theory that the indictment was held deficient, but such is not true in the instant case.

He next complains that the evidence is insufficient to justify and sustain his conviction, in this, that the State failed to prove that he was not legally authorized to carry a pistol at the time

and place in question. When the State proved that he carried on or about his person a pistol and with said pistol he committed an assault upon R. L. Holland, the State had made a prima facie case. If appellant was authorized by law or was permitted under the law to carry the pistol, the burden rested upon him to prove such to be the case. See Featherston v. State, 35 Tex. Cr. R. 612 (614) ; O'Neal v. State, 32 Tex. Cr. R. 42 ; and Jones v. State, 91 Tex. Cr. R. 240.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.