

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 1, 1950

Hon. A. C. Winborn
District Attorney
Harris County
Houston, Texas

Dear Sir:

Opinion No. V-1050.

Re: Authority of sheriffs and con-
stables to issue commissions
for special deputy sheriffs
and constables.

Your request for an opinion is in part as fol-
lows:

"The sheriff and the various constables
of Harris County have in the past and are now
issuing to private individuals commissions as
special deputy sheriffs and special deputy
constables. Those so appointed do not receive
any salary or perform any official duties. It
is my personal opinion that the chief reasons
for the issuance of these special commissions
are mostly honorary.

"Question No. 1

"Is there any statutory authority author-
izing the issuance of a special deputy sher-
iff's commission or a special deputy consta-
ble's commission?

"Question No. 2

"If there is no authority for the issuance
of a special deputy sheriff's commission or a
special deputy constable's commission, is one
who issues such special commission and the one
receiving it guilty of any violation of the
law?"

We quote the following statutory provisions
relative to the appointment of deputy sheriffs and dep-
uty constables.

Article 3902, V.C.S.:

"Whenever any district, county or pre-
cinct officer shall require the services of

deputies, assistants or clerks in the per-
formance of his duties he shall apply to the
County Commissioners' Court of his county
for authority to appoint such deputies, as-
sistants or clerks, stating by sworn applica-
tion the number needed, the position to be
filled and the amount to be paid. Said ap-
plication shall be accompanied by a state-
ment showing the probable receipts from fees
. . . and the probable disbursements which
shall include all salaries and expenses of
said office; and said court shall make its
order authorizing the appointment of such
deputies, assistants and clerks and fix the
compensation to be paid them within the
limitations herein prescribed and determine
the number to be appointed as in the discre-
tion of said court may be proper. . . Upon
the entry of such order the officers apply-
ing for such assistants, deputies or clerks
shall be authorized to appoint them; pro-
vided that said compensation shall not ex-
ceed the maximum amount hereinafter set out.
. . ."

Article 6699, V.C.S.:

"The Commissioners Court of each county,
acting in conjunction with the Sheriff, may
employ not more than two (2) regular deputies,
nor more than two (2) additional deputies for
special emergency to aid said regular depu-
ties, to be known as county traffic officers
to enforce the highway laws of this State reg-
ulating the use of the public highways by mo-
tor vehicles. Said deputies shall be, when-
ever practicable, motorcycle riders, and shall
be assigned to work under the direction of the
Sheriff. . . ."

Article 6869, V.C.S.:

"Sheriffs shall have the power, by writ-
ing, to appoint one or more deputies for
their respective counties, to continue in of-
fice during the pleasure of the sheriff, who
shall have power and authority to perform
all the acts and duties of their principals;
and every person so appointed shall, before

Hon. A. C. Winborn, page 3 (V-1050)

he enters upon the duties of his office, take and subscribe to the official oath, which shall be indorsed on his appointment, together with the certificate of the officer administering the same; and such appointment and oath shall be recorded in the office of the County Clerk and deposited in said office. The number of deputies appointed by the sheriff of any one county shall be limited to not exceeding three in the Justice precinct in which is located the county site of such county, and one in each Justice precinct, and a list of these appointments shall be posted up in a conspicuous place in the Clerk's office. An indictment for a felony of any deputy sheriff appointed shall operate a revocation of his appointment as such deputy sheriff. Provided further, that if in the opinion of the Commissioners' Court fees of the sheriff's office are not sufficient to justify the payment of salaries of such deputies, the Commissioners' Court shall have the power to pay the same out of the General Fund of said county."

Article 6869c, V.C.S.:

"In counties having a population in excess of one hundred ninety seven thousand five hundred (197,500) according to the last preceding Federal Census, the provisions of Article 6869, Revised Civil Statutes of Texas, of 1925, as amended, insofar as such limits the number of deputies allowable to sheriffs shall not apply, but the sheriff in any such county shall have the number of deputies allowed him by the Commissioners' Court of such county."

Article 6879a, V.C.S.:

"Section 1. The duly elected Constable in each Justice Precinct having a city or town of less than eight thousand (8,000) population according to the preceding Federal Census may appoint one (1) Deputy and no more; and each Justice Precinct having a city or town of eight thousand (8,000) and less than forty thousand (40,000) population according to the

preceding Federal Census may appoint two (2) Deputies and no more; and in each Justice Precinct having a town or city of forty thousand (40,000) population or more according to the preceding Federal Census may appoint five (5) Deputies and no more, and each and every instance said Deputy Constables shall qualify as required of Deputy Sheriffs.

"Sec. 2.  When the Constable in each and every instance named and described in the preceding section of this Act shall desire to make appointment of a Deputy or Deputies, as the case may be, said Constable shall first make written application to the Commissioners' Court of his County showing that it is necessary for such Constable to have the Deputy or Deputies requested in order to properly handle the business of his office originating in the Precinct in which such Constable has been elected, giving the name of each proposed appointee; and if the Commissioners' Court shall find that the Constable is in need of the Deputy or Deputies requested to handle the business originating in his Precinct, then and in that event, and in that event only, the Commissioners' Court shall approve and confirm the appointment of the Deputy or Deputies provided by this Act.

"Sec. 3.  Any person who serves as a Deputy Constable without the provisions hereof having been complied with relative to his appointment or any Constable who issues a Deputyship without the consent and approval of the Commissioners' Court shall be fined not less than Fifty Dollars ($50.00) nor more than One Thousand Dollars ($1,000.00)."

Article 102, V.C.C.P.:

"To suppress riots, unlawful assemblies and other disturbances at elections, any magistrate may appoint a sufficient number of special constables.  Such appointments shall be made to each special constable, shall be in writing, dated and signed by the magistrate, and shall recite the purposes for which such appointment is made, and the length of time it

is to continue. Before the same is delivered
to such special constable, he shall take an
oath before the magistrate to suppress, by law-
ful means, all riots, unlawful assemblies and
breaches of the peace of which he may receive
information, and to act impartially between
all parties and persons interested in the re-
sult of the election."

In Attorney General's Opinions Nos. 0-12, dat-
ed January 5, 1939, and 0-3925, dated September 15, 1941,
it was held that Article 3902 repealed Article 6869 inso-
far as said Article limited the number of deputy sheriffs
that may be appointed. Article 3902 sets out specifical-
ly the manner in which the appointment of deputies is to
be made. A. G. Opinion 0-4338, dated February 17, 1942.
Under Articles 6699 and 6699a, county traffic officers
(special deputy sheriffs appointed for the purpose of en-
forcing traffic laws) are appointed by the Commissioners'
Court acting in conjunction with the sheriff. A. G. Opin-
ion No. 0-3028, dated January 30, 1941. In view of the
foregoing it is our opinion that generally the appoint-
ment of deputy sheriffs is governed by the provisions of
Article 3902 while the appointment of certain deputy sher-
iffs (county traffic officers) is governed by the provi-
sions of Articles 6699 and 6699a.

The appointment of deputy constables is govern-
ed by the provisions of Articles 3902 and 6879a. Under
Article 3902, the Commissioners' Court's only authority
is to authorize the appointment, while under Article
6879a the Commissioners' Court "may confirm or reject the
appointment but cannot reject for personal reasons for
the court can only decide the necessity for a deputy."
A. G. Opinion No. 0-305, dated February 11, 1939. It was
the evident purpose of Article 6879a "to prohibit any
person from claiming to be a de facto deputy constable."
A. G. Opinion No. 0-140, dated February 4, 1939. A Jus-
tice of the Peace has no authority to appoint a deputy or
special constable for any purpose other than for the sup-
pression of riots, unlawful assemblies, and other disturb-
ances at elections. Such appointment must be made strict-
ly in accordance with Article 102, V.C.C.P. A. G. Opinion
No. 0-379, dated April 18, 1939.

In view of the foregoing it is our opinion that
the appointment of deputy constables is generally govern-
ed by the provisions of Articles 3902 and 6879a, while a
magistrate in order to suppress riots, unlawful assemblies,

and other disturbances at elections may appoint a sufficient number of special deputy constables for such purposes. Art. 102, V.C.C.P. Each of the following officers is a "magistrate" within the meaning of Article 102, V.C.C.P.: "The judges of the Supreme Court, the judges of the Court of Criminal Appeals, the judges of the district court, the county judge, any county commissioner, the justices of the peace, the mayor or recorder of an incorporated city or town." Art. 33, V.C.C.P. Sheriffs and Constables are not, therefore, magistrates under Article 102. These officers, when needing extra deputies, may procure them from a "magistrate" under Article 102, V.C.C.P.

Under certain circumstances a peace officer may call upon citizens to assist him, in an emergency, in the discharge of his duties. Articles 38, 92 and 320, V.C.C.P. We do not understand the facts submitted by you to raise any question as to the exercise of that power of peace officers.

In Attorney General's Opinion No. 0-207, dated February 3, 1939, it was held that the sheriff does not have legal authority to issue commissions to persons who have jobs as watchmen or as poundmasters or any other person except by the method prescribed in Articles 3902 and 6869. (As stated above it was held in a later opinion that the provisions of Article 6869 relating to the number of the deputies was repealed by the provisions of Article 3902.) In Opinion No. 0-4338 it was held that a sheriff is not authorized to issue a commission to one of his deputies to guard property of a private concern and devote his entire time to this task.

In answer to your first question, therefore, it is our opinion that no statutory authority exists for issuing to private individuals commissions as special deputy sheriffs or special deputy constables when such persons do not perform any official duties or receive any salary.

In answer to your second question we would like to point out that Section 3 of Article 6879a, above quoted, provides that "any person who serves as a deputy constable without the provisions hereof having been complied with relative to his appointment or any constable who issues a deputyship without the consent and approval of the Commissioners' Court shall be fined not less than $50.00 nor more than $1,000.00." It is our opinion that if a constable appoints a deputy without complying with Article

Hon. A. C. Winborn, page 7 (V-1050)

6879a, he will be subject to the penal provisions contained in Section 3 in a suit brought by the County or District Attorney as the case may be.

In connection with the above we call attention to the provisions of Article 5968, V.C.S., wherein it is provided:

"All convictions by a petit jury of any county officers for any felony, or for any misdemeanor involving official misconduct, shall work an immediate removal from office of the officer so convicted. Each such judgment of conviction shall embody within it an order removing such officer."

In view of the provisions of Article 5968 it is our opinion that any constable convicted of violating the provisions of Article 6879a, V.C.S., may be removed from office. We know of no statute applying to the sheriff with similar provisions as those contained in Section 3 of Article 6879a. However, Article 483, V.P.C., provides that whoever shall carry on or about his person a pistol shall be punished by fine not less than $100.00 nor more than $500.00 or by confinement in jail for not less than one month nor more than one year.

Article 484, V.P.C., provides:

"The preceding article shall not apply to a person in actual service as a militiaman, nor to any peace officer in the actual discharge of his official duty, nor to the carrying of arms on one's own premises or place of business, nor to persons traveling, nor to any deputy constable, or special policeman who receives a compensation of forty dollars or more per month for his services as such officer, and who is appointed in conformity with the statutes authorizing such appointment; nor to the Game, Fish and Oyster Commissioner, nor to any deputy, when in the actual discharge of his duties as such, nor to any game warden, or local deputy Game, Fish and Oyster Commissioner when in the actual discharge of his duties in the county of his residence, nor shall it apply to any game warden or deputy Game, Fish and Oyster Commissioner who actually receives from the State fees or compensation for his services." (Emphasis added.)

Hon. A. C. Winborn, page 8 (V-1050)


In construing the provisions of Articles 483 and 484, V.P.C., the court held in Stephenson v. State, 93 Tex. Crim. 578, 249 S.W. 492 (1923):

"The evident purpose of the Legislature in the 1918 amendment was to discourage and prevent the useless and promiscuous carrying of arms under the guise of special deputies, etc." (Emphasis added.)

In the case of Gandara v. State, 94 Tex. Crim. 535, 252 S.W. 166 (1923), a person commissioned as a deputy sheriff was convicted of carrying a pistol "on or about his person." The defendant contended that he was exempted from the provisions of the act since he was a peace officer within the meaning of Article 476, Acts 1918, V.P.C. (now Art. 484). The court pointed out that the defendant was an automobile driver for hire and that during the time the defendant held his commission as deputy sheriff he had made no arrest, had served no civil process, and was drawing no compensation as deputy sheriff. The court held that he was not in the discharge of any official duty as deputy sheriff but was carrying his pistol simply as a protection to himself and his passengers. See also: A. G. Opinions Nos. 0-5809, dated March 20, 1945, and 0-6372, dated January 31, 1945.

In view of the foregoing it is our opinion that any person commissioned as a special deputy sheriff as outlined in your request would not be authorized to carry a pistol and could be convicted for violation of the provisions of Article 483, V.P.C., if such person "shall carry on or about his person . . . any pistol."

## SUMMARY

No statutory authority exists for issuing commissions as special deputy sheriffs and special deputy constables to serve as "special deputies" without compensation and without performing any official duties. Any constable who issues a deputyship without complying with the provisions of Article 6879a, V.C.S., is subject to the penal provisions of the act. Any person unlawfully commissioned as a deputy sheriff and who performs no official duties as deputy sheriff is subject to the penal provisions of Article 483, V.P.C., prohibiting the unlawful carrying of arms. Arts. 3902, 6699,

Hon. A. C. Winborn, page 9 (V-1050)

6699a, 6869, 6869c, 6879a, 5958, V.C.S.; Art.
102, V.C.C.P.; Arts. 483, 484, V.P.C.; Stephenson v. State, 93 Tex. Crim. 578, 249 S.W.
492 (1923); Gandara v. State, 94 Tex. Crim.
535, 252 S.W. 166 (1923); A. G. Opinions Nos.
0-12, 0-3925, 0-4338, 0-3028, 0-305, 0-140,
0-379, 0-207, 0-5809, and 0-6372.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
Executive Assistant

By John Reeves

John Reeves
Assistant

Joe Greenhill
First Assistant

JR:bh