[No. 4042.]

### JESS L. CLAYTON v. THE STATE.

CARRYING A PISTOL—CHARGE OF THE COURT —Article 319 of the Penal
   Code expressly exempts peace officers from the operation of Article 318,
   which denounces a penalty for carrying a pistol,   In this case the trial
   court charged, in substance, that a deputy sheriff of one county could
   carry a pistol into another county if he was in discharge of official
   duties, but not if in pursuit of private business; and refused a special
   charge to the effect that, "if the defendant was a deputy sheriff of any
   county in the State, he should be acquitted."   *Held,* that the charge as
   given was erroneous, and that the refusal of the special charge was error.

APPEAL from the County Court of Taylor.  Tried below before the Hon. H. A. Porter.

The conviction in this case was for carrying a pistol, and the penalty imposed was a fine of twenty-five dollars.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE.  This is a conviction for carrying a pistol.  The proof is clear that appellant, at the time of carrying the pistol, was deputy sheriff of Pease county.  Upon this point the court charged, in effect, that if appellant was a peace officer, and was acting as such, under a legal appointment, and that he was in this (Taylor) county, in the discharge of his official business, he should be acquitted; but if in pursuit of his private business, he should be convicted.

Counsel for appellant requested a charge to the effect that, if defendant was a deputy sheriff of any county of the State while carrying the pistol, he should be acquitted.

We are of the opinion that the rule stated in the requested charge is the law of the case.  A deputy sheriff is a peace officer, and as such is excepted from the operation of Article 318, Penal Code.  This is expressly done by Article 319.  The judgment is reversed and the cause remanded.

*Reversed and remanded.*