Andrew Love v. The State.

*No. 143. Decided April 22.*

**Carrying a Pistol—Deputy Postmaster.**—Article 319, Penal Code, only exempts a civil officer when engaged in the discharge of his official duty from the inhibitions against carrying weapons; and a deputy postmaster whose duties are confined to the postoffice building violates the law when on his private business or pleasure he is found carrying a pistol on the public streets.

Appeal from the County Court of Robertson. Tried below before Hon. O. D. Cannon, County Judge.

This appeal is from a judgment of conviction under an indictment for unlawfully carrying a pistol, the punishment having been assessed by the court, without a jury, at a fine of $25.

Defendant was deputy postmaster for C. M. Norton, who was postmaster and justice of the peace at Calvert, and he testified, that Norton had advised him to carry a pistol, which he had always done since he had been deputy postmaster. On the occasion in question, which was Christmas Eve, he had discharged his pistol at a tamale stand on the public street in Calvert. His account of himself on that evening, as found in his testimony, is: "When I left the postoffice that evening, about 6 o'clock, I went to the drug store, thence to the tamale stand, thence to Mrs. Buman's, thence back down town to the Grand Central Hotel, thence to the town of Hearne, a distance of about nine miles from Calvert. From thence I returned to Calvert. The train going north was late. I reached Calvert about 5 in the morning. I had the pistol with me on my person all this time; nor did I have any official business at any of said places."

*Cohron & Kinard,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, Judge.—Appellant was indicted for unlawfully carrying a pistol, and convicted and fined in the sum of $25, from which judgment he appeals. It was admitted that appellant, on Christmas Eve, in the city of Calvert, was carrying and discharged a pistol on the public street. The defense is, that he was deputy postmaster at Calvert, and as such it was his duty to receive the mails; that witness receives all mails at the postoffice, where they are delivered to him; that on the day in question he had been to various places in the town, and into the country, and had carried this pistol, though he had no postal duties to do at any of these places, but that he had been told he had a right as an officer to carry a pistol, by the justice of the peace. The statute of this State (Penal Code, article 319) declares, that the prohibition against carrying arms does not

extend to a revenue or other civil officer engaged in the discharge of official duty. Evidently the duties of this deputy postmaster were confined entirely to the postoffice building. When, therefore, he went forth upon the public street upon his private business or pleasure, carrying his pistol, he was bound to take notice he was violating the statute, and can not plead the opinion of a justice of the peace as a defense. Lann's case, 25 Texas Cr. App., 496. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.