## MAJOR POWELL V. THE STATE.

### No. 1930. Decided May 9, 1900.

**1. Accomplice Testimony—Charge.**

A charge upon accomplice testimony should embrace and be applied to all the witnesses shown to have been criminally connected with the transaction, and where there is a question as to whether a witness was or not so criminally connected with the transaction as to make him an accomplice, it should be left to the jury to determine the question.

**2. Former Jeopardy—Postponement as to Plea—Practice.**

On a trial for cattle-theft, when the case was called defendant requested the court to postpone this case until a jury had returned a verdict in another case they were out considering for defacing the brand on the same animal and which involved the same facts; Held, the motion to postpone should have been granted, as the jeopardy in the theft case would be complete if the facts sustained it.

APPEAL from the District Court of Jackson. Tried below before Hon. WELLS THOMPSON.

Appeal from a conviction of cattle-theft; penalty, two years imprisonment in the penitentiary.

It was admitted that defendant had been tried upon a valid indictment for fraudulently defacing the brand upon the same animal for the theft of which he was about to be tried. Defendant requested that this case be postponed until the jury had returned their verdict in the former case, in order that he might interpose his plea of jeopardy in this case. This request to postpone was refused by the court. No further statement necessary.

*O. S. York* and *J. M. Moore,* for appellant, upon the request to postpone in order that defendant might plead former jeopardy, cited Hirshfield v. State, 11 Texas Crim. App., 207; Quitzo v. State, 1 Texas Crim. App., 47; Wills. Crim. Stats., C. C. P., art. 9, note 1; Bill of Rights, sec. 14.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of the theft of cattle. In his motion for new trial he excepted to the court's charge, because it limited the law in regard to accomplice's testimony to that of Will Bennett; the insistence being that the evidence showed other witnesses were so connected with the transaction as to require an application of the law of accomplice testimony to their evidence. This is unquestionably true as to the witness Kitchen, and we believe the charge should also have left the fact to the jury to determine as to whether or not Hays was so connected with the transaction as to affect him with criminal knowledge of the theft at the time he received the cattle. Hays' testimony makes it clear that Bob Kitchen was his agent to buy the cattle, that he bought the yearlings from Bennett and appellant, and they were the same yearlings bought by Kitchen

from Will Bennett. Kitchen was the employe of Hays. Hays paid Bennett by giving a check on a bank, appellant being present at the time. The animal in question was one of those paid for by Hays, and this animal had the original brand recently burnt out at the time it passed into the possession of Hays, and a small new brand on the left hip. If Hays received this animal believing it to have been stolen at the time, or that its brand had been burnt out, he should and must have known there was something wrong with the title, that this was evidence of fraud; and it was a circumstance from which the jury might infer guilty knowledge.

The question of jeopardy was suggested; that is, when the case was called the jury was out on the charge of defacing the brand upon this same animal. Appellant requested the court to postpone the trial of this case until the jury had decided the other case. This was refused. It is alleged in the request, which was sworn to, that the facts are the same; that it was the identical transaction; that it was for the same animal,—this indictment being for the theft, whereas the first indictment was for defacing the brand on the same animal. Time should have been granted; and, if the plea was sustained by the facts, jeopardy was complete, because the State had to rely upon the same facts in both cases, and it was the same transaction, and the conviction or the acquittal of one would bar a further prosecution for the other. Maines v. State, 37 Texas Crim. Rep., 617. The judgment is reversed and the cause remanded.

*Reversed and remanded.*