LOU JENKINS v. THE STATE.

No. 3003.   Decided November 2, 1904.

**Carrying Pistol—Who May be Authorized.**

Where a justice of the peace had specially authorized his son to make certain arrests, the regular constable living some three or four miles away, the law did not authorize the son's arrest for unlawfully carrying a pistol on his person.

Appeal from the County Court of Rusk.   Tried below before Hon. W. W. Moore.

Appeal from a conviction of unlawfully carrying on his person a pistol; penalty, a fine of $25.

The opinion states the case.

*R. T. Brown,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Upon the trial before the court, without a jury, appellant was convicted of unlawfully carrying a pistol, and his punishment fixed at a fine of $25.   The testimony, in substance, shows that appellant's father was justice of the peace in Rusk County, and the duly elected constable of the precinct, of which he was justice of the peace, lived some three or four miles from said justice.   Appellant lived with his father.   The record shows, that appellant had been specially deputized by his father to execute various warrants of arrest.   Such deputation was contained in the warrant itself, and the oath was duly administered as required by law.   Article 266 Criminal Court Proceedings provides:   "In case where it is made known by satisfactory proof to the magistrate, that a peace officer cannot be procured to execute a warrant of arrest, or that so much delay will be occasioned in procuring the services of a peace officer, that the person accused would probably escape, the warrant of arrest may be directed to any suitable person who is willing to execute the same; and in such case, his name shall be set forth in the warrant."   Article 944, Code Criminal Procedure, provides:   "A justice of the peace may, when he deems it necessary, authorize any person, other than a peace officer, to execute a warrant of arrest, by naming such person specially in the warrant, and in such case such person shall have the same powers and shall be subject to the same rules, that are conferred upon and govern peace officers in like cases."   Under the provisions of these statutes, we hold, that the justice of the peace had legal authority for appointing appellant, as special constable, to execute the process he had in his possession at the time of his arrest; and having the same powers and privileges of a peace officer, appellant had the right to carry his pistol, and he could not be prose-

cuted for carrying the same. Of course, when the term of his employment, to wit: the execution of the process terminated, his authority to carry the pistol would cease. O'Neal v. State, 32 Texas Crim. Rep., 42. But we know of no authority construing these statutes which would authorize appellant's arrest under the circumstances detailed. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*