LEE BLACK v. THE STATE.

No. 3015. Decided March 15, 1905.

**Carrying Pistol—Special Deputy Constable.**

A special constable of B. County, duly deputized and sworn in as such, with instructions from the constable to proceed to M. County and there have the city marshal execute certain capias profine, and who there went into the opera house where people were assembled for amusement, carrying on his person a pistol, looking for a certain party to have him arrested, should not have been convicted of unlawfully carrying a pistol on his person.

Appeal from the County Court of Montague. Tried below before Hon. W. W. Cook.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $50.

The opinion states the case.

*John Speer,* for appellant.—A deputy constable is a peace officer in this State, even though article 43, Code Criminal Procedure, does not specifically designate him as such; the office being created by an act of the Legislature since the publication of the above named article.

Sayles Civil Statutes, article 4908, provides for the appointment, and prescribes the duty of deputy constables, it will be observed that this article provides that no more than two deputies shall be appointed, while article 2495 provides for the appointment of as many deputies as the constable may show himself to be in need of.

Defendant's deputation is in conformity with the statute; then the only remaining question is, has a peace officer a right to carry his pistol anywhere in the State he may go, or is he confined to a specific territory?

Penal Code, article 3, declares that no person shall be punished for an act of omission, unless the same is made a penal offense and a penalty affixed by the written law of the State.

The only written law we have in Texas against carrying pistols and likewise against carrying them into public assemblies specifically excepts peace officers (see Penal Code, articles 339 and 341). It must follow then that a peace officer cannot be punished for carrying his pistol anywhere in the State.

In addition to the authorities cited in opinion, appellant cited: Patrick v. State, 78 S. W. Rep., 947.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for unlawfully carrying a pistol, and fined $50. By the testimony it is shown appellant was in the opera-house, in Bowie, Montague County, on the 21st of December, 1903, where people were assembled for the purpose of amusement, and carried on his person a pistol. Appellant's evidence

shows he was deputy constable of precinct number 1 of Tarrant County, Tom Williams being his principal. He was deputized on the 6th of October, 1903. The assistant county attorney of Tarrant County wrote out the deputation and swore appellant in as an officer. He was not a regular but a special deputy, and assisted the constable at times in searching for and arresting parties. On the occasion of his arrest in the opera-house, he stated to the sheriff and the parties having him in charge, that he was there in search for Carter; had with him three writs of capias profine, and showed the deputation to Chandler, the city marshal of Bowie. Appellant had been informed that Carter was at Bowie, and was instructed by Williams, the constable in Fort Worth, to go to Bowie, locate Carter, and procure the services of the city marshal for the arrest of Carter, and bring him back to Fort Worth. He thought the opera-house would be a proper place to locate Carter. Up to the time of his arrest he had not mentioned his business to any of the officers, but thought his commission and deputation gave him the right to carry the pistol in Bowie, otherwise he would not have carried it. The three capias profines were offered in evidence. They were not endorsed by any magistrate of Tarrant or Mantague County, authorizing their service in Montague County. The deputation in writing was offered in evidence, as was the acknowledgment of the constable to the deputation; and also the oath of office taken by appellant. Williams was introduced and testified he was constable of precinct number 1, and that he had appointed appellant one of his deputies; that he had two regular deputies, and three or four special deputies, used on special occasions. Appellant was one of the latter. He says that when he made the appointment, he went to the county attorney's office, where one of the assistant county attorneys drew the deputation and swore appellant to it. This witness says he thought it was a legal deputation, and would authorize defendant to perform all the duties of a deputy; that defendant had assisted him often in making arrests and searching for parties; that he sent appellant to Bowie with three writs of capias profine for Carter, whom he had been informed was in Bowie; and told him to watch for Carter, and when found, have Price Chandler, city marshal of Bowie, to arrest him. There are some other facts in the case which we deem unnecessary to mention. Under this state of case and the authorities appellant should not have been convicted. He was acting as deputy constable at the time, and was specially acting as such in going to Montague County for Carter. This question has been settled by the decisions of this court, and we deem it unnecessary to enter into a further discussion of the matter. Clayton v. State, 17 S. W. Rep., 261; Irvine v. State, 18 Texas Crim. App., 51; Weatherford v. State, 21 S. W. Rep., 251; Dane v. State, 35 S. W. Rep., 661. Rainey v. State, 8 Texas Crim. App., 62.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.