## GILL BEESING v. THE STATE.

### No. 3816. Decided November 10, 1915.

### Rehearing denied December 1, 1915.

**1.—Carrying Pistol—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence, although conflicting, was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Charge of Court—Defensive Theory.**

Where, upon trial of unlawfully carrying a pistol, the defendant testified that it was not a pistol he presented at the prosecuting witness, but a beer bottle, and the court submitted this issue in a proper charge to the jury, there was no reversible error.

**3.—Same—Intent—General Reputation—Bill of Exceptions.**

Where defendant denied carrying a pistol, and complained that he was not permitted to prove his general good reputation as a law-abiding citizen, but the bill of exceptions failed to show that the witness knew his general reputation at the time or before he was charged with the offense, the same could not be reviewed; besides, it is only when guilty knowledge or criminal intent is the essence of the offense that such evidence is admissible. Following Jones v. State, 10 Texas Crim. App., 552.

**4.—Same—Intent to Violate Law.**

The only cases when the question of good faith and intent of defendant in a pistol case applies is when he is an officer, or honestly believes he is. Following Faris v. State, 64 Texas Crim. Rep., 524, and other cases.

**5.—Same—Evidence—Bill of Exceptions.**

Where defendant complained that he had not been permitted to show what defendant told witness, etc., and she told him, and the bill of exceptions was too indefinite to require consideration, there was no reversible error; besides, the testimony was hearsay.

Appeal from the County Court of Potter. Tried below before the Hon. T. W. McBride.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*A. M. Mood,* for appellant.—On question of charge of court: Hitchings v. State, 142 S. W. Rep., 1154.

On question of  riminal intent: Coffee v. State, 1 Texas Crim. App., 548; Lann v. State, 25 id., 495; Jones v. State, 10 id., 552.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited cases in opinion.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for unlawfully carrying a pistol and fined $100.

Cossio, a Mexican, swore positively that in Amarillo, while he was in the street talking to other Mexicans, appellant came by, stopped, held in his hand and poked a pistol at his chest, and, after standing there a minute or two, he, the witness, backed off and ran. He was positive that it was a pistol appellant had in his hand and poked at him. Mr. Rasmuson saw what appellant did at the time, and swore positively it was a pistol appellant presented towards Cossio at the time. Mr. Ellison, in effect, swore the same thing.

Appellant swore it was not a pistol he presented and pointed at Cossio, but a beer bottle. He swore positively he had no pistol on the occasion.

The court in his charge required the jury to believe beyond a reasonable doubt that appellant had a pistol on the occasion before they could convict him, and that the burden was on the State, the presumption of innocence, and, if they had a reasonable doubt, to acquit.

Also, in a separate paragraph, that, if they believed from the evidence appellant at the time had something in his hand that appeared to be a pistol, but if they had a reasonable doubt if it was a pistol, to acquit him. This clearly presented appellant's only defense affirmatively, and made it unnecessary to give his special charge, in effect submitting the same thing.

Appellant has a bill complaining that he offered to prove by his sister, Mrs. Benton, his general good reputation as a law-abiding man, which he contends the court erroneously excluded. The bill in no way shows that Mrs. Benton knew his general reputation in this particular. By all the authorities, this was essential before she would be permitted to testify what it was. Again, the bill does not show that he offered to prove by her his said good reputation at the time, or before, he was charged with this offense, but at the time of the trial, which was some time subsequent. Again, it is only when guilty knowledge or criminal intention is the essence of the offense that such evidence is admissible. This court, in Jones v. State, 10 Texas Crim. App., 552, and many other cases, established this rule, saying:

"It must be borne in mind, however, that it is not in all public pros-

ecutions for breach of law that evidence of a party's general character is admissible. The rule seems to be that whenever, in a criminal prosecution, guilty knowledge or criminal intention is of the essence of the offense, evidence of the general character of the party is relevant to the issue and therefore admissible; but when a penalty is claimed for the mere act, irrespective of the intention, it is not. 3 Greenl. Ev., sec. 26."

In this case appellant swore positively he had no pistol. This court has repeatedly held: "The question of intent to violate the law for carrying a pistol does not apply, because the intention to violate the law is not made an element of the offense. The only cases when the question of good faith and intent of the appellant in a pistol case applied, as held by this court, is when he is an officer, or honestly believes he is an officer, and carries the pistol under such circumstances so believing, when it turns out he is not, under the law, an officer." Faris v. State, 64 Texas Crim. Rep., 524; Culp v. State, 40 S. W. Rep., 969; Clopton v. State, 44 S. W. Rep., 173; Cordova v. State, 50 Texas Crim. Rep., 353; McAlister v. State, 55 Texas Crim. Rep., 264.

The only other error urged by appellant is as to the excluded claimed evidence of his wife. His bill, presenting this question, states, he "offered to prove" by his wife upon his return home on the day he was charged with carrying a pistol that she told him said Cossio had accosted her on the street in a suggestive manner and said to her, "Hello, kid, where are you going?" and followed her home. That appellant then told her he had just met the Mexican and pulled a bottle on him and he ran, and that the two bottles of beer was all she saw in his pockets, and she saw no pistol about him and that she had opportunity to observe him.

The State objects to this bill claiming it is too indefinite and vague to require consideration, and cites White v. State, 32 Texas Crim. Rep., 625; Castlin v. State, 57 S. W. Rep., 827, and sec. 48, Branch's. Crim. Law. In the White case, Judge Davidson for this court held:

"A bill of exceptions recites, that defendant 'offered to prove by Walter Delaney, the little son of William Delaney, whether he and his father, William Delaney, had ever talked with one another about threats testified to have been made in the ice house by Jin White to William Delaney, in his, Walter Delaney's, presence, about one week before Bob Ford was hurt.' Objections interposed by the State were sustained. This bill is too indefinite to be considered. It should have stated the evidence expected to be elicited from the witness, as well as the object or purpose of seeking it. Davis v. State, 14 Texas Crim. App., 645; May v. State, 25 Texas Crim. App., 114; Walker v. State, 19 Texas Crim. App., 176; Counts v. State, 19 Texas Crim. App., 450; Willson's Crim. Stats., secs. 2368, 2516."

In the Castlin case, Judge Brooks for the court held: "Bill 3 is defective in that it states that appellant offered to prove by witness McAde, but does not show that said facts could have been proved, or that, if witness was permitted, he would have testified to said facts. White v. State, 32 Texas Crim. Rep., 625; Moore v. State, 50 S. W.

Rep., 942." These-authorities sustain the State's contention herein. Besides what she told appellant, and he told her, after the offense, would not be admissible. Nor that she then saw no pistol about him, and that all she saw in his pockets was two bottles of beer. It will be noted she said she "had opportunity to observe him," but she does not say she, in fact, did observe him. The lowest punishment was assessed herein, and we think, under no circumstances, should this case be reversed because of anything shown in said bill.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied December 1, 1915.—Reporter.]