## JIM BARNETT V. THE STATE.

### No. 6177.  Decided March 23, 1921.

**1.—Carrying Pistol—Evidence.**

Where, upon trial of unlawfully carrying a pistol, the court admitted testimony that the prosecuting witness was struck by a pistol on the head by the defendant and rendered unconscious, and was also struck with a crutch in the hands of defendant's companion, but the record showed that this all occured in the same transaction, and that the State could only show the possession of the defendant of said pistol during this difficulty, there was no reversible error; although the court declined to permit defendant to introduce the details of said difficulty.

**2.—Same—Deputy Marshal—Good Faith—Intent—Evidence.**

Upon trial of unlawfully carrying a pistol, the court should have admitted testimony that defendant had been verbally appointed deputy city marshal, had been acting as such for several days, and in fact and in truth believed that he had been duly and legally appointed such deputy at the time he carried the pistol, although he was not in fact legally appointed as such deputy. Qualifying Clopton v. State, 44 S. W. Rep., 173; Following Blair v. State, 26 Texas Crim. App. 387. Overruling Johnson v. State, 73 Texas Crim Rep., 133.

Appeal from the County Court of Falls. Tried below before the Honorable E. M. Dodson.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Nat Llewellyn,* for appellant.—On question of admitting evidence as to difficulty: Williams v. State, 44 Texas, 116; Kline v. State, 184 S. W. Rep., 823.

On question of good faith and intent: Lyle v. State, 21 Texas Crim. App., 153, and cases cited in opinion.

*R. H. Hamilton,* Assistant Attorney General, for the State.—Cited Travick v. State, 22 S. W. Rep., 593; Johnson v. State, 164 S. W. Rep., 835.

HAWKINS, JUDGE.—Appellant was convicted of unlawfully carrying a pistol, and his punishment assessed at a fine of one hundred dollars.

It appears from the evidence that appellant and one Smith went into a restaurant operated by a man by the name of Buls; that a difficulty occurred between Smith and Buls, during which the appellant struck Buls over the head with a pistol. Smith was a crippled man and was using crutches; they seem to have figured in the difficulty.

Appellant complains that the court permitted the State to prove by Buls that he was struck by a pistol on the head and rendered unconscious, and because the State was permitted to prove that Buls was also struck with a crutch in the hands of Smith. The only time the State undertook to prove appellant in the possession of a pistol was during this difficulty, and it was all one transaction, and we can see no error on the part of the court in permitting this evidence to be introduced. After this evidence was introduced appellant then desired to prove how the difficulty between Smith and Buls came about; that it was because of an insulting letter which Smith claimed that Buls had written to his daughter. The court declined to permit appellant to introduce this testimony and we would, in view of the lowest fine being given, reluctantly reverse a case for an error on the part of the court in this respect. In this case appellant was not upon trial for an aggravated assault, but simply for unlawfully carrying a pistol, and it would have thrown little light upon that charge to have developed how the difficulty arose in which the pistol figured. But if, upon another trial the details of the fight are shown, this offered evidence ought to be admitted.

Appellant offered to prove by W. J. Brewer, the city marshal of Rosebud, that he had appointed and deputized appellant to act in his place and stead as city marshal just prior to and at the time he was charged with carrying said pistol, and had instructed appellant that he would have the right in the discharge of his duties to carry the same; and that appellant had been acting in said capacity, policing the town of Rosebud, and had made many arrests in that capacity, and that he was recognized by Brewer as marshal of the town. The trial judge qualified the bill of exceptions in that respect by stating that Brewer would have testified that a short time prior to the time appellant was charged with carrying a pistol, he told him that he, Brewer, wanted appellant to help him; that he, Brewer, was busy guarding a building at night and would not be on the street much in the day time, and that he wanted appellant to look after things for him in the part of town where appellant worked, and that this is all that he ever did in regard to deputizing appellant. Appellant himself offered to testify that he had been verbally appointed deputy city marshal by Brewer and had been acting in that capacity for several days; had made many arrests and that he, in fact and in truth, thought he had been duly and legally appointed deputy city marshal; that at the time he was charged with unlawfully carrying the pistol he was acting upon his appointment with an honest belief that he had been legally appointed and with no

intention to violate the law, but with the intention to uphold it, and to execute the duties imposed upon him by the marshal of the city.

Appellant offered to prove by a number of witnesses that he had for two or three weeks been acting as marshal of the town. The trial judge refused to permit this testimony to be introduced; we presume upon the theory that it showed no legal appointment as deputy marshal, and therefore, was no defense.

Appellant reserved the proper bills of exception and presents them to this court for review. When we look to the civil statutes we find the first sentence in Article 809 provides: "The marshal of the city shall be *exofficio* chief of police, and may appoint one or more deputies; the appointments of which deputies shall only be validated upon the approval of the city council." It will be seen that this statute does not provide whether the appointment shall be in writing or may be made verbally, but they only become valid when approved by the city council. In the instant case, there being no offer to prove that the city council ever validated the appointment of appellant, we may assume that in truth he never legally became deputy city marshal. We do not regard that so much as an issue as we do what the appellant himself thought about it. Ordinarily the intent of a person charged with unlawfully carrying a pistol does not become material; in other words, one who is in truth and in fact unlawfully carrying a pistol cannot excuse himself by saying that he did not intend to violate the law. Clopton v. State, 44 S. W. Rep., 173. But there is a long line of decisions in this State to the contrary; where the party claims to be acting in the capacity of an officer under the honest belief that he has been so authorized to act. Blair v. State, 26 Texas Crim. App., 387, the jury was instructed as follows: "The jury are further instructed that if the defendant was, or reasonably believed himself to be, a deputy sheriff of any county in the State of Texas at the time and while carrying the pistol you should acquit him." The jury in that case found against defendant on that issue, but this court, speaking through Judge Hurt, used this language: "On the other hand, though appellant was not in fact a deputy sheriff, if he honestly believed that he was and carried the pistol because so believing, he would not be guilty. This proposition was very clearly submitted to the jury by special instructions prepared by counsel for appellant." See also Lyle v. State, 21 Texas Crim. App., 153; Carroll v. State, 57 S. W. Rep., 94. So far as we have been able to ascertain this line of authorities was never questioned until the opinion in the case of Johnson v. State, 73 Texas Crim. Rep., 133, 164 S. W. Rep., 833 was handed down. The learned trial judge who tried the instant case evidently followed the Johnson case in excluding the testimony offered; in this respect he is not subject to any just criticism, as that appeared to be the last expression of this court upon the subject before him.

The defendant in the Johnson case was a negro and the constable, one Coe, went to defendant and deputized him, or at least the defend-

ant thought he had deputized him, to go to the emancipation celebra-- tion and stay there during the day and act in place of the constable and to keep the peace; that defendant in good faith believed the constable had a perfect legal right to confer upon him this authority to carry a pistol. Defendant offered to prove the foregoing facts, both by him- self and the constable, but objection was sustained, and the majority of the court held the same was not error, basing the ruling on the proposition that the mistake of the defendant was one of law and not one of fact, and affirmed the case. Judge Davidson dissented, and re- views and cites many cases which it is not necessary for us to review here. As stated by Judge Davidson in the dissenting opinion, "The proposition is that appellant carried the pistol in good faith, and did so with no intention of violating the law and believed Mr. Coe had authority to summon or appoint him, and that he was acting in obedi- ence to what he believed to be legal authority, and there being no pur- pose or intent to violate the law he was entitled to have this issue sub- mitted to the jury." We believe that the dissenting opinion of Judge Davidson in that case was correct, and followed the long line of cases cited by him, to some of which reference has been made, *supra*, and that the opinion of the majority of the court was a departure from the holdings of this court theretofore, and that case will be overruled in so far as the announcements therein are in conflict with the views ex--. pressed in this opinion.

In the instant case we believe the court was in error in not permit- ting appellant to prove the matters offered by him in evidence to show what he believed to be his authority for carrying the pistol. If he had been appointed deputy marshal by Mr. Brewer, or reasonably be- lieved that he had been appointed, and had been exercising authority under that appointment, he would not be guilty of violating the law in carrying a pistol, and we believe the evidence ought to have been admitted, and this issue submitted to the jury.

For the errors discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*