E. E. JONES v. THE STATE.

No. 6743.   Decided March 8, 1922.

Disturbing Peace—Public Place—Garage—Statutes Construed.

Where the information charged the defendant with disturbing the peace in a public place, namely, a building, commonly resorted to by the public for

business purposes by rudely displaying a pistol, there was no evidence that the place at which the defendant displayed the pistol was a public place within the meaning of the statute, the judgment must be reversed and the cause remanded. Following Grant v. State, 32 Texas Crim. Rep., 527, and other cases.

Appeal from the County Court of Hollingsworth. Tried below before the Honorable C. C. Small.

Appeal from a conviction of disturbing the peace in a public place; penalty, a fine of $40.

The opinion states the case.

*R. Q. Murphree* and *R. L. Templeton*, for appellant.—Cited Randall v. State, 34 Texas Crim. Rep., 43; Myers v. State, 39 id., 500, cases cited in opinion.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for violation of the statute prohibiting conduct calculated to disturb the peace. (Penal Code, Art. 47.)

The specific complaint is that in a public place, namely, a building commonly resorted to by the public for business purposes, he rudely displayed a pistol.

Without stating it in detail, the evidence, while controverted, was sufficient to show that the appellant went into a garage, drew his pistol, waived it around, pointed it at a person who was present, and pulled the hammer back, stating that he was drunk, but that he did not intend to shoot any one. This evidence, we think, so far as the conduct of the appellant was concerned, will support the verdict, but we fail to find in the statement of facts any testimony to the effect that the garage in which the conduct took place was a public place.

In the statute, a "public place" is defined as:

". . . any public road, street or alley of a town or city, or any inn, tavern, store, grocery, or workshop, or place at which people are assembled, or to which people commonly resort for the purpose of business, amusement, recreation or other lawful purpose." (P. C., Art. 472.)

The building into which the appellant went is not described. There is no evidence of the use to which it is put; no proof that it was a place at which people assembled or resorted for any purpose. It was designated in the information as the Wellington Garage, but so far as the proof reveals the facts, the record is silent as to whether it was a public or private garage, or whether its character or use brought it within any of the provisions of the statute defining a public place. To designate a place called a "livery stable" as a public place, some evidence was held requisite in the case of Taylor v. State, 65 Texas Crim. Rep. 469; 145 S. W. Rep. 600.

To the point that the building is not named in the statute as a public place per se must by some evidence be shown to come within its terms, other precedents are found. Grant v. State, 32 Texas Crim. Rep. 527; Cyc. of Law & Proc., Vol. 32, p. 1249; Underhill on Crim. Evidence, 2nd Ed., Sec. 473; Bradford v. State, 147 Ala. 118; 41 Southern Rep. 1024; Cyc. of Law & Proc., Vol. 20, p. 892.

If the place at which appellant displayed the pistol was a public place within the meaning of the statute, the evidence being available to the State, should have been introduced to prove it. The presumption that it was, in the absence of evidence, cannot be indulged against the accused. Code of Crim. Proc., Art. 785; Vernon's Texas Crim. Statutes, Vol. 2, p. 675.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*