## Frank Stephenson v. The State.

### No. 6844.   Decided March 7, 1923.

**1.—Carrying Pistol—Capias Profine—Evidence.**

Where, upon trial of unlawfully carrying a pistol, the defendant testified that he had been deputized by a justice of the peace to execute a capias profine, which he attempted to introduce in evidence with the indorsement thereon by the justice of the peace deputizing him as special constable, all of which the court refused to admit in evidence, the same is a reversible error.

**2.—Same—Statutes Construed—Special Appointment by the 'Justice of the Peace.**

A citizen, specially appointed under Articles 278 or 979 C. C. P., to execute process, is, so far as the particular case is concerned, clothed with the same authority as a peace officer, and has a right to carry a pistol, and therefore the capias profine with the indorsement thereon should have been admitted in evidence in the instant case.   Following O'neal v. State, 32 Tex. Crim. Rep., 42, and other cases.

Appeal from the County Court of Red River.   Tried below before the Hon. R. J. Williams.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*T. T. Thompson* and *B. B. Sturgeon,* for appellant.—Cited Jenkens v. State, 47 Texas Crim. Rep., 224; Black v. State, 85 S. W. Rep., 1143, and the cases cited in the opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction is for unlawfully carrying a pistol, with fine of $100 assessed.

Appellant was apprehended in Red River County on May 14, 1921 with a pistol upon his person under circumstances making him amenable to the law denouncing the carrying thereof, unless he came within one of the exceptions.

The only bill of exception in the record reveals that in Titus County (which adjoins Red River County) one Setzer had been fined for some offense in justice court, which fine remained unsatisfied.   On May 12th, 1921 W. M. King, Justice of the Peace, issued a capias pro fine against Setzer for the sum of $10.70, directed to "Any Sheriff or any constable of Titus County," authorizing the arrest and detention of Setzer until such fine was paid.   The writ appears to be regular in

all respects. Endorsed thereon is the following: "This writ was placed in the hands of a special *"debita* const. Frank Stevenson, sworn in to serve this writ. (Signed) W. M. King, Justice of Peace Titus Co. Texas."

The testimony of appellant is not set out in detail in the statement of facts, but it is recited therein that he testified "that he was in Red River County to execute said writ at the time he was arrested." It is further noted in the statement of facts that both appellant's evidence and the capias pro fine were objected to by the State and the objection sustained. The bill only complains of the failure to admit in evidence the writ with the foregoing endorsement, and we must assume that appellant was permitted to testify that he was in Red River County for the purpose of executing a capias pro fine, but that when the writ was offered it was excluded.

After defining in Article 475, P. C. the offense of unlawfully carrying arms, it is provided in Article 476, P. C. (as amended in Acts, 1918, 4th C. S., Ch. 91, Sec. 1). "The preceding article shall not apply to . . . any peace officer in the actual discharge of his official duty; . . . this exception shall not apply to any deputy constable . . . who does not receive compensation of forty dollars or more per month for his services as such officer, and who is not appointed in conformity with the statutes of this State authorizing such appointments." The evident purpose of the Legislature in the 1918 amendment was to discourage and prevent the useless and promiscuous carrying of arms under the guise of special deputies, etc. This amendment was not called to our attention at the time we were considering the case of Barnett v. State, 89 Texas Crim. Rep., 45, 229 S. W. Rep., 519, hence was not discussed in the opinion. It did, however, receive some notice in Jones v. State, 91 Texas Crim. Rep., 203, 238 S. W. Rep., 661. We think it unnecessary to give any extended attention to said amendment at this time, as we are of opinion other articles of the Code of Criminal Procedure control the present case. Art. 278, C. C. P. provides:

"In cases where it is made known by satisfactory proof to the magistrate that a peace officer can not be procured to execute a warrant of arrest, or that so much delay will be occasioned in procuring the services of a peace officer that a person accused will probably escape, the warrant of arrest may be directed to any suitable person who is willing to execute the same; and, in such case, his name shall be set forth in the warrant."

Art. 979 reads:

"A justice of the peace may, when he deems it necessary, authorize any person other than a peace officer to execute a warrant of arrest by naming such person specially in the warrant; and, in such case, such person shall have the same powers, and shall be subject to the same rules that are conferred upon and govern peace officers in like cases."

In our judgment the amendment of Article 476 P. C. in 1918 affects neither of the articles of the Code of Procedure last above quoted, but leaves authority in the Justice of the Peace to designate in the warrant any particular person to execute it. This was sufficiently done by the endorsement on the capias pro fine naming appellant to perform that duty. A citizen specially appointed under articles 278 or 979 C. C. P. to execute process, is, so far as the particular case is concerned, clothed with the same authority as a peace officer. (O'Neal v. State, 32 Texas Crim. Rep., 42) and has a right to carry a pistol. (Jenkins v. State, 47 Texas Crim. Rep., 224, 82 S. W. Rep., 1036). The capias pro fine with the endorsement thereon should have been admitted in evidence. It was a legitimate part of appellant's defense. Whether he was in truth engaged in an effort to execute the process at the time he was found with the pistol was an issue of fact which should have been submitted to the jury under appropriate instructions. It is true he was without the limits of Titus County, but if he was in good faith attempting to execute the capias with which he had been intrusted he was on official business, and in the absence of contrary proof, if must be presumed that he would have proceeded in a legal manner to effect it. Black v. State, 48 Texas Crim. Rep., 63, 85 S. W. Rep., 1143.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*