## D. A. WALKER V. THE STATE.

### No. 8622.   Delivered April 22, 1925.

**1.—Carrying Pistol—Jury—Separation of—Waived by Appellant.**

Where during the trial of a misdemeanor case the trial court properly permitted the jury to separate during the trial, but failed to give them proper instructions in regard to their conduct while so separated, no objection being made by appellant to such failure, he is *held* to have waived such irregularity and will not be heard to complain on appeal. Following Calandria v. State, 54 S. W. 583, Dowd v. State, 55 Tex. C. R. 367.

**2.—Same—Special Charge—Properly Refused.**

Appellant's special charge No. 1, to the effect that even though the defendant was not in fact, a deputy sheriff, yet if he honestly believed that he had been appointed by the sheriff as a deputy, and that he carried the pistol because of such belief, he would be guilty of no offense. This special charge was a proper presentation of the law as raised by his theory of the case, as was *held* in the case of Barnett v. State, 229 S. W. but was fully covered in the general charge, and for that reason there was no error in refusing the special charge.

**3.—Same—Special Charge—Given.**

Appellant's special charge No. 2, which was given by the court, also presented the defensive issue above referred to, and we think these two instructions fully covered every right that defendant was entitled to, and the cause is affirmed.

Appeal from the County Court of Collingsworth County.   Tried below before the Hon. R. H. Templeton, Judge.

Appeal from a conviction for unlawfully carrying a pistol; penalty, a fine of $100.00.

The opinion states the case.

*J. E. Brown,* of Lamesa, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

100 Tex. Crim.—6.

BERRY, Judge.—Appellant was convicted in the county court of Collingsworth County for the offense of carrying a pistol and his punishment assessed at a fine of $100.00.

Appellant complains that the court permitted the jury to separate during the trial without giving the jury any instructions in regard to their conduct as jurors while so separated.

Art. 746 of the Code of Criminal Procedure provides that in cases of misdemeanor the court may at its discretion permit the jury to separate before the verdict, after giving them proper instructions in regard to their conduct as jurors while so separated. The record fails to show that the appellant made any objection to the court's failure to give the jury instructions as to their conduct while so separated, altho appellant was present when the jury was permitted to separate, and there is no suggestion in the record showing that they were guilty of any misconduct during the time of their separation. Under these conditions we are led to hold that in this case the appellant waived any irregularity in the court's failure to comply with the strict letter of the statute in regard to this matter. Calandria v. State, 54 S. W. 583; Dowd v. State, 55 Texas Crim. Rep. 367.

Appellant's next complaint is that the court erred in refusing to give his special charge No. 1, to the effect that, even though the defendant in the case was not in fact a deputy sheriff, yet if he honestly believed that he had been appointed by the sheriff as a deputy, and that he carried the pistol because of such belief, he would be guilty of no offense. It was proper to present this theory of the case under the facts, and it was so held in the case of Barnett v. State, 229 S. W. 519. The Barnett case is now the law of this State, and we have no disposition to vary from it. The court, however, in his general charge, in paragraph 4 theref, used this language:

"You are further instructed in this case that though you should find and believe from the evidence that defendant was not legally appointed deputy sheriff, or that all of the things prescribed by law had not been fully or strictly complied with, yet if you find and believe that the defendant had reasons to believe and did honestly believe at the time that he was authorized to act as deputy sheriff and was acting in that capacity at the time of the alleged offense, or if you have a reasonable doubt thereof, you will acquit him."

The court also gave appellant's special charge No. 2, to the effect that if the defendant carried the pistol in good faith, and did so with no intention of violating the law, and believed that the sheriff had authority to appoint him as a deputy sheriff and that he had so appointed him, and that he was acting in obedience to what he believed to be legal authority and without any purpose or intent to violate the law, he would not be guilty of any offense. We think

these two instructions fully covered every right that the defendant can claim under any construction of the rule laid down in the 'Barnett case, supra.

Appellant also complains of the action of the court in refusing to charge on the burden of proof. This question was fairly presented in section five of the court's charge.

Appellant complains of the admission of the testimony of the witness Jake Tarter concerning a conversation appellant had with the sheriff at the fair grounds. This testimony was clearly admissible. under the facts disclosed by the record in this case.

Finding no error in the record, it is our opinion that the case should in all things be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.