FORREST REYNOLDS V. THE STATE.

No. 18798. Delivered March 31, 1937.

The opinion states the case.

LATTIMORE, J., Dissenting.

*C. P. Chastain* and *R. E. Rodgers,* both of Hamlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of unlawfully carrying a pistol into a public dance hall, and his punishment was assessed at a fine of $100.00.

The testimony offered by the State, briefly stated, shows

that on the 4th day of April, 1936, Albert Moore gave a dance at his home in the town of Hamlin, Texas. A few days prior to the night of the dance Moore went to see the night watchman who was a deputy city marshal and requested him to come out or send someone to the dance to preserve the peace and maintain order and proper decorum. The night watchman informed Moore that he could not go as his duties required his presence in town at night, but that he would see appellant and if appellant would agree to go, he would send him out. The night watchman saw appellant who agreed and did go to the dance for the purposes for which his presence was desired. Sometime during the night while the dance was in progress he struck Clinton Gillis on the head with a pistol. The testimony offered by the appellant shows that on the 19th day of December, 1934, the city council of the town of Hamlin by an order duly made and spread upon the minutes appointed him a special officer and agreed to pay him the sum of two dollars per day; that on the 14th day of January he informed the mayor of the town that he could not any longer serve as a regular city officer; that the mayor told him that he would pay him for the time he had served, but for him to stand ready to serve on special occasions when requested to do so by any officer; that a short time prior to the occasion in question he served as a special officer at a protracted meeting of the Methodist Church where tires and other parts of automobiles had been taken; that on the afternoon of April 4th the deputy marshal and night watchman requested him to go to Moore's dance to preserve the peace and if anyone disturbed the peace, to arrest them and bring them to the city hall. He further testified: "I thought I was a peace officer and was trying to preserve the peace as best I could."

Appellant's main complaint is that the court erred in declining to give his requested special instruction to the effect that if he (appellant) believed that he was acting with proper authority under the law and believed that he had a right to carry a pistol at the time and place charged, then he was entitled to an acquittal. The court not only declined to give this requested instruction, but failed and refused to incorporate one of like import in his main charge. We are of the opinion that under the testimony of this case appellant was entitled to such an instruction.

In the case of Barnett v. State, 89 Texas Crim. Rep., 45, 229 S. W., 519, this court said:

"In the instant case we believe the court was in error in not

permitting appellant to prove the matters offered by him in evidence to show what he believed to be his authority for carrying the pistol. If he had been appointed a deputy marshal by Mr. Brewer, or reasonably believed that he had been appointed, and had been exercising authority under that appointment, he would not be guilty of violating the law in carrying a pistol, and we believe the evidence ought to have been admitted, and this issue submitted to the jury."

Many other cases might be cited in support of appellant's contention.

In view of the disposition we are making of this case we deem it unnecessary to discuss any of the other questions raised for the reason that the same may not arise again upon another trial.

For the error herein discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, PRESIDING JUDGE (concurring).—In the present case, the minutes of the City Council were introduced in evidence showing that on December 19, 1934, the appellant was appointed as extra policeman with full police power to serve during the holidays at a salary of $2.00 per day; that according to the testimony of the City Secretary, the City Council had never passed an order discharging the appellant as deputy marshal of the city of Hamlin. The appellant testified that on the 14th day of January, 1935, after his appointment as extra policeman, he informed the City Mayor that he would be unable to work regularly for a longer period of time; that the Mayor said:

"We will pay you for the time you have served, and you can stand ready to serve any of the officers at any time they call on you."

In accord with the above statement, the appellant had served as a special police officer on several occasions. On the afternoon of the 4th of April, 1936, the deputy marshal and night policeman of the city of Hamlin, requested the appellant to go to Albert Moore's place that night, where there was to be a dance, and preserve the peace and good order and keep down any drunken rows. The deputy marshal testified that the appellant had acted

as special officer for him on several occasions when he needed help and that it was his understanding that the appelant was authorized to serve any of the officers of the town when called upon to do so.

In Tex. Jur., Vol. 44, p. 454, sec. 15, it is said:

"A person claiming that he was a peace officer at the time cannot successfully invoke the statutory exemption unless his appointment was legal and that he had qualified in the mode prescribed by law. *There are, however, cases, in which it is held that a defendant who carried a pistol under the honest though erroneous belief that he was a legally constituted officer was entitled to an acquittal, the pistol having been carried in such circumstances as would have justified him if he had in fact been an officer.*"

In support of the text the following cases are cited: Barnett v. State, 89 Texas Crim. Rep., 45; Black v. State, 48 Texas Crim. Rep., 63; Carroll v. State, 57 S. W., 94; Lyle v. State, 21 Texas Crim. App., 153; Blair v. State, 26 Texas Crim. App., 387.

In the Blair case, supra, it was held that although the appellant was not, in fact, a deputy sheriff, if he honestly believed that he was and carried the pistol because he so believed, he would not be guilty.

Under the facts in the present case, it is our opinion that the court should have submitted to the jury the special charge requested by the appellant to the effect that if he believed that he was acting with proper authority under the law and believed that he had a right to carry a pistol at the time and place charged, he should be acquitted.

Because of the refusal of the court to give the charge mentioned, it is thought that reversible error was committed, and for that reason we concur in the reversal of the judgment of conviction.

HAWKINS, J., concurs.

LATTIMORE, JUDGE (dissenting).—I regret that I can not assent to the correctness of the opinion in this case, and feel that it goes too far, and establishes a precedent which not only enlarges the statutory exemptions from punishment for carrying pistols, etc., but practically assumes a legislative prerogative in such regard, which to the writer seems exceedingly dangerous,—not because there is much talk abroad about one department of the government assuming the functions of an-

other department, but because our Legislature has enacted statutes of exemption from punishment for the carrying of concealed weapons, and we have no right to enact another, such seeming to me to be the legitimate effect of our opinion in this case.

Art. 483, P. C., penalizes him generally who unlawfully carries a pistol in this State. Art. 484, P. C., immediately following,—in plain words states to whom the preceding article shall not apply. Art. 485, P. C.,, penalizes him who carries a pistol into a place where people are assembled, and Art. 486, P. C., states plainly to whom this shall not apply.

Appellant does not come under any of these exemptions. He is convicted under Art. 485, supra, for carrying a pistol where people were assembled, and looking to the statute we note the only exemption is as to peace officers or other persons authorized or permitted by law to carry arms at such places. Appellant was not a peace officer de facto or de jure. More than a year before this prosecution he had been appointed a special deputy marshal for the town or Hamlin in Jones County, Texas, during the holidays. On January 14, 1935, he was paid off, and his so serving ended. From then to the time of this arrest it was not claimed that he worked for the city in any capacity, or that he had any right to carry a pistol.

Branscum, a deputy city marshal and policeman of Hamlin, who admitted that the city marshal himself had no right to appoint a deputy or a policeman,—went to appellant on the afternoon of the day of this pistol carrying, and told appellant to take his pistol and go to a dance at Moore's place that night and preserve the order and keep the peace. That was the only claimed authority set up as giving appellant the right to have said pistol at Moore's that night where, the evidence shows without contradiction save from appelalnt himself, he assaulted a man and hit him over the head with his pistol.

On this trial a special charge, asked by appellant, was refused, which reads as follows:

"Gentlemen of the Jury: You are charged that if you believe from the evidence that the defendant believed that he was acting with proper authority under the law and believe that he had a right to carry said pistol as alleged in the indictment then you are charged that there would be no intention to violate the law and you should acquit the defendant and so say by your verdict."

For refusal to give this charge, the case is now being reversed. The court, however, gave a special charge that if ap-

pellant was at the time at his place of business, he had a right to carry said pistol, and if the jury so believed they should acquit.

I can not agree to write into our law that any person carrying a pistol upon the request or at the suggestion of some one whom he may believe had the right to tell him to carry such pistol,—shall be, therefore, entitled to an acquittal, the ground upon which such right is asserted being the belief of the accused as to his such right. We have officers of all kinds, some of whom have the right under the law to appoint deputies, who may be thus authorized to carry pistols,—but most of our officers have no such right. It can not be claimed that any law can be found authorizing a night policeman or deputy town marshal to authorize any other person to go to a dance or religious meeting or other gathering armed with a pistol.

Such being the case, if by judicial legislation we say that no matter whether the appointing party has a legal right so to do or not, if the carrier of the pistol has been asked by some one whom he thought had the right to so authorize him, and he does so, then he is not guilty,—we certainly are going too far.

I thought this court went about as far as it might in the case of Barnett v. State, 89 Texas Crim. Rep., 45, which exhibited a case of a man who was in fact appointed a deputy by a man authorized by law to so appoint him,—the only trouble being that the appointment was not in writing, and was therefore defective, and we held that in such case the law against carrying a pistol was not violated. Similar in principle is the case of Lyle v. State, 21 Texas Crim. App., 153, in which the sheriff appointed a man as deputy and gave him a defective document so stating. In Blair v. State, 26 Texas Crim. App., 387, a man was found guilty who had a legal appointment but went into another county, and the judgment was affirmed. In Carroll v. State, 57 S. W. Rep., 94, we also had a case where a man had been deputized by the sheriff,—an officer having a right to appoint,—to execute a particular capias, and was engaged in the execution of it at the time charged. He offered to prove the fact that he had been deputized by the sheriff, and the proof was rejected, and we held he should have been allowed to so prove.

These cases are cited in our opinion in the Barnett case, supra, and support what we said therein to that extent, but we seem here to swing out to a new and dangerous length in laying down as the law of this State that a court must let the jury pass on whether the accused believed he had been given the

right to carry the pistol,—even when it is admitted that the party so appointing him had no right,—yet the jury must be told to acquit if the accused believed he had a right to carry a pistol. What becomes of the statutes which state specifically who may carry a pistol, if we hold that the law is that any man who claims to have been given the right by some justice, county commissioner, county or district judge, or member of an appellate court, or other person whom he respected and had confidence in,—shall be entitled to have the jury told as the law that they must acquit if they found the accused believed he had the right to carry the pistol.

In Clopton v. State, 44 S. W. Rep., 173, it was held that one who believed he had the right to carry a pistol while at work, and in going to notify his hands on his way to work, was guilty of violation of the law, and that his intentions in the matter were not material. Judge Henderson, speaking for the court, said: "If the law did not give him authority to carry it, the advice of other persons that he could, would not justify defendant." In Love v. State, 32 Texas Crim. Rep., 85, we held that the fact that the justice of the peace told the accused, who was a deputy postmaster, that he had a right to carry a pistol, would not excuse or justify him. See also McCallister v. State, 55 Texas Crim. Rep., 392; Cordova v. State, 50 Texas Crim. Rep., 353; Culp v. State, 40 S. W. Rep., 969; Farris v. State, 64 Texas Crim. Rep., 530, and Beesing v. State, 180 S. W. Rep., 256.

I have been unable to bring myself to believe that we ought to hold, as we are here doing, and therefore respectfully enter my dissent.