ANDREW NELSON V. STATE

No. 34,130. January 17, 1962

652

WOODLEY, Presiding Judge, concurred.

*L. A. Bedford, Jr.,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Bill Watts, Harold Adams, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is unlawfully carrying a pistol; the punishment, 90 days in jail.

Officers Harper and Kirkpatrick of the Dallas police testified that they were on routine patrol on the night in question, that they stopped an automobile for making an unusually loud noise, that appellant was the driver, that they asked to see his driver's license, that as appellant was fumbling through a folder in search of the driver's license they asked him to step out of the automobile, that they searched appellant and found he was carrying a .38 caliber pistol in his waistband and a blackjack in his hip pocket.

Appellant, testifying in his own behalf, stated that he was employed as a cook by Wyatt cafeterias, that he worked four or five nights a week as a dance hall supervisor, that he was also employed by the Stone Rock Detective Agency, that on the night of his arrest he had been working at a dance hall and also investigating a divorce case, and that he did not know he was violating the law and had no intention of violating the law.

George Dowdy, captain of police, called by the state in rebuttal, testified that he was in charge of the Dallas Police Depart-

ment identification bureau, that his bureau was in charge of licensing private detective agencies, that the Stone Rock Detective Agency was not a validly licensed detective agency at the time appellant was arrested, that his department did not authorize employees of validly licensed private detective agencies to carry pistols except on special occasions.

C. D. Asbill, a Dallas police officer, called by the state on rebuttal, testified that he was assigned to the special service bureau of the police department, that his department approved applications of dance hall supervisors but that such approval does not give the applicant any police power or authority to carry firearms.

We will discuss the contentions advanced by appellant in his brief.

The sole questions presented on appeal are the refusal of the court to permit appellant to testify that upon being employed by the detective agency the assistant supervisor told him he could carry firearms in "the line of work" and the refusal of the court to instruct the jury that if appellant believed he had a right to carry the pistol to acquit.

Reliance is had, among other cases, upon Barnett v. State, 89 Tex Cr. Rep. 45, 229 S.W. 519; Reynolds v. State, 132 Tex. Cr. Rep. 204, 104 S.W. 2d 17; and Franklin v. State, 147 Tex. Cr. Rep. 636, 183 S.W. 2d 573.

We have examined the authorities cited, and it it apparent from the opinion in each of them that the person who made the attempted appointment which led the accused to believe he had authority to act was in fact a de jure officer. In such cases, the accused became a de facto officer because his appointment was defective for some reason. Not so in the case at bar. The assistant supervisor, so far as this record discloses, had no authority to carry a pistol and had no authority to deputize appellant so as to authorize him to do so. Judge Henderson in Clopton v. State, 44 S.W. 173, said, "If the law did not give him authority to carry it, the advice of other persons that he could would not justify defendant." In Love v. State, 32 Tex. Cr. Rep. 85, 22 S.W. 140, wherein the accused was acting upon the advice of a justice of the peace, this Court said he "cannot plead the opinion of the justice of the peace as a defense." In McCallister v.

State, 55 Tex. Cr. Rep. 392, 116 S.W. 1154, this Court said, "His belief, however honest or sincere, cannot excuse him."

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.

WOODLEY, Presiding Judge (concurring)

Art. 484 P.C. does not except from Art. 483 P.C. an employee of a detective agency, hence the advice of the assistant supervisor to appellant that he could lawfully carry a pistol was not a defense. 2 Branch's Ann. P.C. 2d 471, Sec. 979.

I concur in the affirmance of the conviction.