**Dirk Lee BRYAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–90–086–CR.**

Court of Appeals of Texas, Waco.

July 25, 1991.

Ted L. Potter, Belton, for appellant.

Andy J. McMullen, Hamilton, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

Appellant was convicted of sexual assault, and a jury assessed his punishment at ten years in prison, probated, and a $10,000 fine. *See* TEX.PENAL CODE ANN. § 22.011(a)(2)(A) (Vernon 1989). Points on appeal relate to the charge. The judgment will be affirmed.

■ Appellant claims that the evidence showed that he formed a reasonable belief that the fifteen-year-old victim was promiscuous. He objected that the charge failed to include "mistake of fact" as a defensive issue and requested that the court submit the defense to the jury. His first point is that the court erred when it overruled his objection and denied his request.

■ Mistake of fact is a defense when the defendant mistakenly "formed a reasonable belief about a matter of fact if his mistaken belief *negated the kind of culpability required for commission of the offense.*" *Id.* at § 8.02(a) (Vernon 1974) (emphasis added). A mistake about the existence of a fact which would establish an affirmative defense to an offense, rather than negating an element of the offense, does not raise the mistake of fact defense. Searcy & Patterson, *Practice Commentary,* TEX.PENAL CODE ANN. § 8.02 (Vernon 1974); *see, e.g., Barnett v. State,* 89 Tex. Crim. 45, 229 S.W. 519, 519–20 (1921). Thus, any evidence of Appellant's mistaken belief about the victim's promiscuity did not raise the defense of mistake of fact, and he was not entitled to that instruction. Point one is overruled.

■ The court submitted the following instruction on promiscuity:

You are instructed that it is a defense to prosecution of the offense charged that the female was, at the time of the alleged offense, fourteen (14) years old or older and had engaged promiscuously in sexual intercourse.

By the term "promiscuously" is meant not to [be] restricted to one sexual partner. It connotes consented-to sexual conduct with a variety of partners.

Appellant objected that the definition was improper, that no legal definition of promiscuity exists, and that it is a term which did not need to be defined. His second point is that the court erred when it overruled his objections.

On appeal, Appellant complains for the first time that the definition improperly restricted the victim's prior conduct to sexual intercourse. Section 22.011 provides that promiscuity is a defense to sexual assault when the victim promiscuously engaged in any of the activities described in subsection (a)(2), i.e., not just sexual intercourse. TEX.PENAL CODE ANN. § 22.-

011(d)(1) (Vernon 1989). However, because this complaint was raised for the first time on appeal, no error has been preserved. *See* TEX.R.APP.P. 52(a).

■ The definition of "promiscuously" is similar to definitions given by other courts. *See Wimer v. State*, 717 S.W.2d 468, 469 (Tex.App.—San Antonio 1986, no pet.); *Wicker v. State*, 696 S.W.2d 680, 682 (Tex. App.—Dallas 1985), *aff'd*, 740 S.W.2d 779 (Tex.Crim.App.1987), *cert. denied*, 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988). Furthermore, because Appellant failed to make any specific objection, he must show that the definition caused him egregious harm. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (on rehearing). The record does not contain any specific proof of a prior occasion when the victim engaged in any type of sexual activity which would raise the promiscuity defense. Accordingly, Appellant cannot show egregious harm. Point two is overruled and the judgment is affirmed.