Bryan v. State 







NO. 10-90-086-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          DIRK LEE BRYAN,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 220th Judicial District Court
Bosque County, Texas
Trial Court # 89-12-11369-BCCR

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Appellant was convicted of sexual assault, and a jury assessed his punishment at ten years
in prison, probated, and a $10,000 fine. See Tex. Penal Code Ann. § 22.011(a)(2)(A) (Vernon
1989). Points on appeal relate to the charge. The judgment will be affirmed.
          Appellant claims that the evidence showed that he formed a reasonable belief that the
fifteen-year-old victim was promiscuous. He objected that the charge failed to include "mistake
of fact" as a defensive issue and requested that the court submit the defense to the jury. His first
point is that the court erred when it overruled his objection and denied his request.
          Mistake of fact is a defense when the defendant mistakenly "formed a reasonable belief
about a matter of fact if his mistaken belief negated the kind of culpability required for commission
of the offense." Id. at § 8.02(a) (Vernon 1974) (emphasis added). A mistake about the existence
of a fact which would establish an affirmative defense to an offense, rather than negating an
element of the offense, does not raise the mistake of fact defense. Searcy & Patterson, Practice
Commentary, Tex. Penal Code Ann. § 8.02 (Vernon 1974); see, e.g., Barnett v. State, 89 Tex.
Crim. 45, 229 S.W. 519, 519-20 (1921). Thus, any evidence of Appellant's mistaken belief about
the victim's promiscuity did not raise the defense of mistake of fact, and he was not entitled to that
instruction. Point one is overruled.
          The court submitted the following instruction on promiscuity:
You are instructed that it is a defense to prosecution of the offense charged that the
female was, at the time of the alleged offense, fourteen (14) years old or older and had
engaged promiscuously in sexual intercourse.
By the term "promiscuously" is meant not to [be] restricted to one sexual partner. 
It connotes consented-to sexual conduct with a variety of partners.
Appellant objected that the definition was improper, that no legal definition of promiscuity exists,
and that it is a term which did not need to be defined. His second point is that the court erred
when it overruled his objections.
          On appeal, Appellant complains for the first time that the definition improperly restricted
the victim's prior conduct to sexual intercourse. Section 22.011 provides that promiscuity is a
defense to sexual assault when the victim promiscuously engaged in any of the activities described
in subsection (a)(2), i.e., not just sexual intercourse. Tex. Penal Code Ann. § 22.011(d)(1)
(Vernon 1989). However, because this complaint was raised for the first time on appeal, no error
has been preserved. See Tex. R. App. P. 52(a).  
          The definition of "promiscuously" is similar to definitions given by other courts. See
Wimer v. State, 717 S.W.2d 468, 469 (Tex. App.—San Antonio 1986, no pet.); Wicker v. State,
696 S.W.2d 680, 682 (Tex. App.—Dallas 1985), aff'd, 740 S.W.2d 779 (Tex. Crim. App. 1987),
cert. denied, 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988). Furthermore, because
Appellant failed to make any specific objection, he must show that the definition caused him
egregious harm. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (on
rehearing). The record does not contain any specific proof of a prior occasion when the victim
engaged in any type of sexual activity which would raise the promiscuity defense. Accordingly,
Appellant cannot show egregious harm. Point two is overruled and the judgment is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and filed July 25, 1991
Publish



;     BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Motion for rehearing denied
Opinion issued and filed February 19, 1992
Do not publish