# MAY, 1925.

## Wesley Stevens v. The State.

### No. 8662. Delivered May 20, 1925.

### Rehearing denied June 17, 1925.

1.—Aggravated Assault—Summoning—Jury—Sheriff a Witness—Not Disqualified.

Where a motion for a continuance is presented on the ground that sufficient regular jurors are not present, and that the sheriff is a witness in the case and not qualified to summon talesmen, the motion was properly denied. The fact that a sheriff, is a witness in a case does not disqualify him from summoning jurors.

2.—Same—Evidence—Search Warrant—Properly Admitted.

The prosecuting officer in this case, was properly permitted to testify that he had a search warrant for appellant at the time of the assault, and it was proper to meet the accusation that the officer was acting illegally in attempting to arrest appellant, to introduce the search warrant.

3.—Same—Evidence—Deputy Sheriff—Sufficiently Proven.

Where a witness swears that he was a deputy sheriff, under oath and deputation, and is corroborated by the sheriff, this proof sufficiently establishes that witness was a deputy sheriff. Following O'Neal v. State, 32 Tex. Crim. Rep. 42 and other cases cited.

ON REHEARING.

4.—Same—Resisting Unlawful Arrest—Charge on—Properly Refused.

There is no testimony in this record offered by either side that what appellant did, was done in resisting an unlawful arrest. The officers, one of

whom was the alleged injured party, had gone to appellant's home with a search warrant. The assault occurred in resisting the search of the premises, and the court properly refused to submit the issue of an unlawful arrest to the jury.

Appeal from the District Court of Milam County. Tried below before the Hon. John Watson, Judge.

Appeal from a conviction for an aggravated assault; penalty, a fine of $600.00 and six months in the county jail.

The opinion states the case.

*Chambers, Wallace & Gillis,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction was for aggravated assault under a charge of assault to murder; punishment, a fine of $600.00 and six months in the county jail.

On the occasion referred to, officers armed with a search warrant went to appellant's premises. He lived about three hundred yards from his father. The officers went, to the home of Bob Stevens, appellant's father. Before officer Little entered the house he saw a girl running from Bob Stevens' home to that of appellant, and pursued her. She entered the house before the officer got there. According to Little's testimony, immediately two men ran out, one of whom was appellant, the other Jim Brashear. They ran into a little tin or iron house near the barn from which appellant emerged with a big stone jar from which he poured whisky or strained mash, witness was not sure which. Brashear came out with a copper coil in his hand and ran. The officer pursued and overtook him and started back with him toward the said little house. A noise as of breaking fruit jars, etc., came from the near-by barn. The officer started to the barn with Brashear. When in about eight or ten feet of the door Brashear called "Wesley, come out", and immediately appellant appeared in the door with a shotgun at his shoulder pointed at witness. Mr. Little said he tried to strike the gun down and as it exploded it tore four or five pounds of flesh from the side of his hip. At once Brashear jumped upon him and acting with appellant they took from the witness his pistol, and appellant threatened to kill him. Witness said he remonstrated and appellant then told him he would have to run away. Witness told them that if they would give him his gun he would walk away. They did so. Before leaving witness asked appellant why he shot him, to which the latter replied that he hated to do it but had to. Witness asked him why and appellant replied that witness was interfering with his business. Witness

then started to walk away but turned, after going a few steps, and said to appellant, "Wesley, you would not shoot me in the back would you?" to which appellant replied, "G—d d—n you, I told you to go ahead". Witness then went on up to the house of Bob Stevens. The gun used by appellant was an automatic shotgun, and later in the day he was arrested and the gun found to contain No. 3 shot. Appellant and Brashear both testified, and that was the theory of the defense throughout, that it was an accidental shooting; that appellant came out of the door of the barn holding the gun in his left hand and not presented; that State witness Little tried to grab it away from him and that in the scuffle that ensued the gun was accidentally discharged. Appellant took the stand in his own behalf and swore the shooting was accidental, and that he did not intend to shoot. Basing his right to do so upon the fact that he was charged with a violation of the liquor law, he declined to state what he was doing that morning when the officers arrived, and further declined to say that when Mr. Little saw him just before he ran after Brashear, that Little said, "Wesley, you are destroying the evidence".

When the case was first called for trial only a few of the regular jurors appeared and it was postponed and the officer directed to make further effort to obtain said jurors. He had notified them, but afterward telephoned them. Only thirteen of the regular jurors appeared on the day of the trial. A motion to continue was made based on the ground that the sheriff was a witness and interested in the case and this might influence the selection of jurors. The court heard evidence. There is not a suggestion therein of any prejudice on the part of the sheriff. The bill is qualified by the statement that appellant did not exhaust his peremptory challenges, There is no claim or assertion that any objectionable juror sat on the trial. White v. State, 78 S. W. Rep. 1066, cited by appellant, seems to contain nothing in support of his contention.

Bill No. 2 complains that witness Little was allowed to state what he did after stopping at Bob Stevens' house. The answer merely set forth that he saw the little girl running,—followed her, and that two men, one of whom was appellant, were seen to run out of the house to which she went. The matter appears not subject to the objection.

Witness Little testified that he had a search warrant for appellant on the occasion and identified the document and it was introduced in evidence. The record supports the proposition that appellant was then insisting that Little was a trespasser and his presence and acts illegal. Later when appellant took the witness stand and introduced his other testimony, it is plain that he did not attempt to predicate any theory of his defense upon the ground that Little was illegally

attempting to arrest him, or of his right to resist any such illegal arrest. To meet the accusation that the officers were acting without authority, it was proper to introduce the warrant and the testimony of Mr. Little and that of the Justice of the peace at Buckholts who issued same. It was also material as showing motive and as explanatory of appellant's acts and conduct to prove that he had a still and whisky in his possession, and what he did relative thereto when the officer appeared.

We see no error in allowing officer Little to state that he had no opportunity to make further examination of the premises after he was shot; nor in permitting him to state that appellant at no time asked him if he had a warrant for his arrest. From the State's testimony it is clear that all of appellant's acts in attempting to destroy the evidence, in coming out of the barn with his gun presented, and in what he said about shooting the officer because the latter was interfering with his business, were such acts as would reasonably appear likely on the part of a man caught in the commission of a crime.

Attempts to show that Mr. Little was not an officer find no support. He swore that he was deputy sheriff under oath and deputation. He was corroborated in this by the sheriff. O'Neal v. State, 32 Texas Crim. Rep. 42; Jenkins v. State, 47 Texas Crim. Rep. 224; Branch's Ann. P. C. p. 1114.

Being unable to agree with any of the contentions argued at length by able counsel for appellant, and being of opinion that the facts support the verdict, the judgment will be affirmed.

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—Appellant again urges that the court below erred in failing to charge on his right to make lawful resistance to an unlawful arrest. In our original opinion we stated the facts at some length. There is no need to encumber a charge with instructions on theories not supported by testimony. We regret to say that we find nothing in the testimony offered by either side supporting the proposition that what appellent did was in resistance to an unlawful arrest. The officers, one of whom was the alleged injured party, had gone with a search warrant to search the premises of appellant for intoxicating liquor. They made no search apparently because of the acts and conduct of appellant and Brashear, who, according to the State's testimony fled out to the part of the premises where the still and liquor were located and began to destroy same. The State's testimony shows that when Brashear fled from this latter point, he was pursued and captured by Mr. Little; that appellant had gone into a barn from which came a noise as of breaking bottles or jars. Little

did not enter this barn. All parties admitted that Brashear called appellant to come out and that he did come out. The testimony for the State and the defendant differed in that the State witness said that appellant came out with a gun in a shooting position, and the testimony for the defense, that he did not. There was no claim on the part of anyone that Mr. Little then told appellant that he was under arrest. The defensive testimony was in the support of the proposition that Little grabbed at appellant's gun as he stepped down from the door and that in the scuffle over it it was discharged and Little was accidentally shot. Nothing in the theory or testimony of either side seems to us to call for the charges, complaint of the refusal of which is again urged.

Our holding that there was no error in admitting in evidence the search warrant, etc., is not at variance with Bryant v. State, 250 S. W. Rep. 169 or Gaunce v. State, 261 S. W. 577. There was no claim in either of those cases that the officers were trespassers, and no issue based on the use of force in resisting arrest.

Being unable to agree with appellant's contentions, the motion for rehearing is overruled.

*Overruled.*