

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

March 7, 1966

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. C-631

Re: Whether certain policies
applicable to the creation
and perpetuation of school
sponsored departmental,
social and special interest
clubs by interested students
are valid when reviewed in
the light of Article 301d,
V.P.C.

Dear Dr. Edgar:

Your letter requesting an opinion of this office
reads in part as follows:

"A school district . . . has adopted
certain policies applicable to the creation
and perpetuation of school sponsored
departmental, social, and special interest
clubs by interested students. (Policies 4a
and 4b).

"They have been locally challenged as
being in violation of Article 301d, Vernon's
Penal Statutes (prohibiting in public schools:
fraternity, sorority or secret society as de-
fined in that law) for the reason or on the
grounds that under such policies it is possible
for the clubs to be perpetuated by the decision
of the membership, rather than by the free
choice of any pupil qualified by school rules
to fill the special aims of the organization(s).

"Attention is directed to the fact that
the clubs are sponsored by a faculty sponsor,
the elections are supervised, and any student
may submit his name for membership.

"This Agency has been requested by the
Board of Trustees of such district to obtain
an opinion from the Office of Attorney General
as to the validity of the policy(s) when reviewed
in the light of Article 301d, V.P.C."

Sections 1 and 2 of Article 301d, Vernon's Penal Code, provide:

"Section 1. In all counties of this State, Public School Fraternities, Sororities, and Secret Societies are hereby prohibited in all the Public Schools of this State supported in whole or in part from public funds, which schools are below the rank or grade of Colleges, and including within said provisions all High Schools and Junior High Schools and all Public Schools of lower grades. The provisions of this Act shall not apply to any University, College or State Teachers College.

"Sec. 2. A Public School Fraternity, Sorority, or Secret Society as used in this Act is hereby defined to be any organization composed wholly or in part of public school pupils of public schools below the rank of College or Junior College as herein provided, which seeks to perpetuate itself by taking in additional members from the pupils enrolled in such school on the basis of the decision of its membership rather than upon the free choice of any pupil in the school who is qualified by the rules of the school to fill the special aims of the organization."
(Emphasis added).

Section 4 of Article 301d provides in part:

". . .Providing that the above restrictions shall not be construed to apply to agencies for Public Welfare, viz: Boy Scouts, Hi-Y Girl Reserves, DeMolay, Rainbow Girls, Pan-American Clubs, and Scholarship Societies, and other kindred educational organizations sponsored by the State or National education authorities."

The policies number 4a and 4b in question here provide as follows:

"4. Departmental, social, and special interest clubs

"Club members shall be selected according to the following plan:

"a. Application for membership

"A student desiring to become a member of a departmental, social, or special interest club may apply to the faculty sponsor of the club for membership or may have his name presented by a student who is already a member of the club. The sponsor shall consider all names presented in either manner.

"b. Election of members

"Before members are elected to membership in a club, the sponsor shall determine and report to the principal the number of members to be elected. The principal shall then set a day for the election of club members. Prior to such election, the sponsor shall have arranged in alphabetical order, in the form of a ballot, the names of all applicants who meet the requirements for membership in the club. On the day designated for the elections, the members of each club shall assemble and vote for the new members, each one being allowed to vote for as many members on the ballot as there are members to be elected. All balloting shall be secret, and there shall be no remarks or speeches of any nature concerning the candidates. Ballots shall be tabulated under the direction of the club sponsor. The number of students receiving the highest number of votes shall be declared elected and so notified in writing by the club secretary. In case the balloting results in a tie vote all names involved in the tie shall be declared elected. Prospective members shall not be brought before clubs for inspection or approval prior to election." (Emphasis added).

Of basic importance to the question presented is the undisputed fact that the organization or club in question is a public school sponsored departmental, social, and special interest club. The Legislature has power to control and manage the public school system and its organic details of operation. Marrs v. Matthews, 270 S.W. 586 (Tex.Civ.App. 1925, error ref.); 51 Tex.Jur.2d 319, § 2. Included within the power granted to control and manage the public school system is the power to

Hon. J. W. Edgar, page 4 (C-631)

It is our opinion that the public school sponsored clubs in question are in violation of Article 301d of Vernon's Penal Code. In clear and unambiguous language, Section 2 of Article 301d prohibits those public school clubs which seek to perpetuate their existence by taking in additional members from public school pupils on the basis of the decision of its membership. Clearly, that portion of Policy 4b as quoted above violates Article 301d as it states that on the day designated for the elections, the members of each club shall assemble and vote for the new members.

Under the facts as presented, it is our opinion that the public school clubs in question are not within those organizations permitted in Section 4 of Article 301d as exceptions to Section 2. Those organizations are the only agencies entitled to be free of the restrictions of Section 2. Atty. Gen. Op. WW-1309. Despite certain scholastic requirements for membership eligibility for the clubs in question, these requirements are insufficient to gain Section 4 exemption.

### S U M M A R Y

The public school sponsored clubs in question which perpetuate their membership on the basis of the decision of their own members are prohibited by Section 2 of Article 301d, Vernon's Penal Code. Under the facts presented, the clubs in question do not qualify as exceptions in Section 4 of Article 301d. Atty. Gen. Op. WW-1309.

Very truly yours,

WAGGONER CARR
Attorney General

By

Gordon Houser
Assistant

GH:mkh:ml

Hon. J. W. Edgar, page 5 (C-631)


APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
Pat Bailey
Howard Fender
Ralph Rash
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright